PEOPLE v McGOUGH

Docket No. 94682. Submitted October 20, 1987, at Lansing. Decided December 7, 1987.

James P. McGough was convicted of operating a motor vehicle while having a blood-alcohol level in excess of 0.10 percent following a bench trial in district court. On appeal to the Oakland Circuit Court, the conviction was reversed on the basis that the prosecutor had failed to lay a proper foundation for the admission of evidence of the results of defendant's Breathalyzer test, Norman L. Lippitt, J. The people appealed by leave granted.

The Court of Appeals *held:*

1. A proper foundation was laid at trial for the admission of evidence of the Breathalyzer test results. The people offered the testimony of the Breathalyzer operator as to his qualifications for administering the test, the method or procedure followed in administering the test, the performance of the test within a reasonable time after defendant's arrest, and the reliability of the testing device.

2. The Breathalyzer operator's failure to mention that defendant did not regurgitate during the fifteen-minute period he observed defendant immediately before administering the test pursuant to 1984 AACS, R 325.2651, Emergency Rule 5 (1)(b)(v) does not render evidence of the test results inadmissible. The Breathalyzer operator testified that defendant did not eat, drink or smoke during the fifteen-minute observation period. By negative implication, nothing was in defendant's mouth

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 307, 377.

Am Jur 2d, Evidence § 830.

Validity, construction, and application of statutes directly proscribing driving with blood-alcohol level in excess of established percentage. 54 ALR4th 149.

Necessity and sufficiency of proof that tests of blood alcohol concentration were conducted in conformance with prescribed methods. 96 ALR3d 745.

Qualification as expert to testify as to findings or results of scientific test to determine alcoholic content of blood. 77 ALR2d 971.

during that period of time as required by the administrative rule.

Reversed.

1. Evidence — Appeal — Admissibility.

The admissibility of evidence is a matter confined to the discretion of a trial court; the trial court's determination will not be reversed on appeal unless the court abused its discretion.

2. Criminal Law — Evidence — Intoxication — Breathalyzer Tests.

Expert testimony is not necessary to demonstrate that Breathalyzer tests are generally accepted as reliable by the scientific community.

3. Criminal Law — Evidence — Intoxication — Breathalyzer Tests — Admissibility.

Prerequisites for admission into evidence of Breathalyzer test results include establishing the qualifications of the operator administering the test, the method or procedure followed in administering the test, that the test was performed within a reasonable time after the arrest, and the reliability of the testing device.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Jacques & Ziem* (by *Emery E. Jacques, Jr.*), for defendant.

Before: M. J. Kelly, P.J., and Doctoroff and J. T. Corden,* JJ.

Doctoroff, J. The people appeal by leave granted from a circuit court order that reversed defendant's conviction following a bench trial in district court for operating a motor vehicle with a blood-alcohol level in excess of 0.10 percent, MCL 257.625(2); MSA 9.2325(2). We reverse.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant was arrested and charged under a local ordinance for operating a vehicle while under the influence of intoxicating liquor. The charge was subsequently dismissed, however, due to a legal infirmity in the ordinance. The Oakland County Prosecutor's Office then charged defendant under state law with operating a vehicle under the influence of intoxicating liquor, MCL 257.625(1); MSA 9.2325(1), or, in the alternative, operating with a blood-alcohol level in excess of 0.10 percent, MCL 257.625(2); MSA 9.2325(2).

Trial testimony revealed that defendant had been given a Breathalyzer test less than one hour after his arrest. After the parties stipulated to the expertise of the Breathalyzer operator, he testified that he had observed defendant for fifteen minutes before administering the Breathalyzer test. During that time, defendant did not eat, drink or smoke anything. The Breathalyzer operator also testified as to the actual procedures he used in administering the test, as well as to the fact that the Breathalyzer is periodically tested for accuracy. The tests that are performed on the instrument include a weekly calibration, a monthly simulator test, and a quarterly certification by a state police inspector/operator. These periodic tests for accuracy are logged in a book kept in the ordinary course of business at the police department.

Two Breathalyzer tests were administered to defendant. Both the first and second tests, given six minutes apart, resulted in a reading of a 0.14 percent alcohol level.

Defendant was found guilty of operating a motor vehicle with a blood-alcohol level in excess of 0.10 percent. On appeal to the Oakland Circuit Court, defendant's conviction was reversed on the basis that the prosecutor did not lay a proper foundation for admission into evidence of the Breathalyzer test results.

On appeal, the people now contend that the circuit court erred by finding that an inadequate foundation had been laid for introduction of the Breathalyzer test results and that it therefore erred in reversing defendant's conviction. We agree.

The admissibility of evidence is a matter confined to the discretion of a trial court. *People v Amison,* 70 Mich App 70, 74; 245 NW2d 405 (1976). The trial court's determination will not be reversed on appeal unless the court abused its discretion. See *People v Charles O Williams,* 386 Mich 565, 571-572; 194 NW2d 337 (1972).

Although expert testimony is not necessary to demonstrate that Breathalyzer tests are generally accepted as reliable by the scientific community, this in no way obviates the state's responsibility to introduce certain foundational evidence. *People v Krulikowski,* 60 Mich App 28, 31; 230 NW2d 290 (1975). The prerequisites for admissibility include establishing the qualifications of the operator administering the test, the method or procedure followed in administering the test, that the test was performed within a reasonable time after the arrest, and the reliability of the testing device. *People v Carter,* 78 Mich App 394, 397; 259 NW2d 883 (1977), modified 402 Mich 851 (1978). See also *People v Kozar,* 54 Mich App 503, 509; 221 NW2d 170 (1974).

In this case, the circuit court reversed defendant's conviction without determining that the district court abused its discretion. It found that the prosecutor had failed to lay a proper foundation for admission of the test results because of noncompliance with 1984 AACS, R 325.2651, Emergency Rule 5(1)(b)(v), promulgated pursuant to enabling legislation which authorizes the state

police to enact rules for the administration of chemical tests, MCL 257.625g; MSA 9.2325(7).[1]

The rule pursuant to which the Breathalyzer test was performed, 1984 AACS, R 325.2651, Emergency Rule 5(1)(b)(v), provides:

> Any person may be administered a breath alcohol analysis on a quantitative breath alcohol test instrument only after being observed for fifteen minutes prior to the collection of the breath specimen, during which period the person shall not have smoked, regurgitated, or placed anything in the mouth.

The circuit court concluded that the test results were inadmissible because there had not been compliance with this rule, finding that the prosecutor had failed to establish that defendant did not regurgitate during the fifteen minutes prior to the Breathalyzer tests and that the arresting officer had testified that defendant "may have had a drink of water." The court then reasoned that because of the noncompliance with this rule, the test results were not obtained in conformity with MCL 257.625g; MSA 9.2325(7) and were therefore inadmissible pursuant to the authority of *McNitt v Citco Drilling Co,* 397 Mich 384, 393; 245 NW2d 18 (1976), wherein the Court held:

> Test results obtained pursuant to the exercise of statutory authority are not admissible unless obtained in conformity with the requirements of the statute.

*McNitt,* however, addressed a violation of MCL

---

[1] MCL 257.625g; MSA 9.2325(7) provides:

> The department of state police may promulgate uniform rules for the administration of chemical tests for the purpose of this act.

257.625d; MSA 9.2325(4).[2] Pursuant to that statute, a driver must be informed of his right to refuse a blood-alcohol test. The concern in *McNitt* was that evidence of a driver's possible intoxication should not be extracted for use against him without his consent. The Supreme Court ruled that test results not obtained in conformity with statutory requirements, in that case through obtaining consent, are inadmissible.

In this case, however, the Breathalyzer tests were administered pursuant to a rule promulgated by the Department of State Police rather than pursuant to a statute. The only statute involved in this appeal, MCL 257.625g; MSA 9.2325(7), is enabling legislation empowering the state police to promulgate such rules. We are therefore unpersuaded that the *McNitt* case governs the result in this case.

The instant record indicates that the people introduced testimony of the Breathalyzer operator himself on all four foundational criteria for admission of the Breathalyzer test results. See *Carter, supra.* Notwithstanding the arresting officer's testimony that defendant may have had a drink of water, the Breathalyzer operator testified that during the fifteen minutes he observed defendant, defendant did not eat, drink or smoke anything. His failure to mention that defendant did not regurgitate does not render the test results inadmissible. To hold otherwise would contravene common sense and hinge admissibility on recitation of certain words. We decline to require the supertech-

---

[2] MCL 257.625d; MSA 9.2325(4) provides in relevant part:

> A person who is requested pursuant to section 625c(3) to take a chemical test shall be advised of the right to refuse to submit to chemical tests; and if the person refuses the request of a peace officer to submit to chemical tests, a test shall not be given without a court order.

nical. By negative implication, nothing was in defendant's mouth for that period of time. The district court determined that the evidence was admissible, a matter that was within its sound discretion to decide. *Amison, supra.* As a panel of this Court so appropriately noted in *Krulikowski, supra,* p 33, we do not want to

> place the trial bench in a judicial straitjacket with respect to the laying of a foundation as a condition precedent to the admission of evidence. The trial bench still possesses considerable discretion as to the adequacy of the foundation in any given case. Their determination as to this matter should not be lightly set aside.

We find no abuse of the district court's discretion. The circuit court erred by reversing defendant's conviction.

Accordingly, the circuit court's order reversing defendant's conviction is reversed and defendant's conviction is reinstated.

Reversed.