PEOPLE v. KOVAL.

CRIMINAL LAW—DRIVING AUTOMOBILE UNDER INFLUENCE OF LIQUOR—BLOOD TEST—STATUTES.

> The statutory provision, providing for a blood test of a person who is charged with driving a motor vehicle while under the influence of intoxicating liquor is for the protection of such a defendant, is mandatory in form and its nonobservance, where defendant is not shown to have been incapable of understanding what was said to him by the officers, had driven for several miles through various municipalities without accident, and was able to explain to the officers his lack of an operator's license, rendered conviction of charge of driving while under influence of intoxicating liquor under municipal ordinance improper (PA 1949, No 300, § 625a, as added by PA 1960, No 148).

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 260.

Appeal from Wayne; Weideman (Carl M.), J. Submitted October 10, 1963. (Calendar No. 27, Docket No. 49,873.) Decided November 4, 1963.

Michael P. Koval was convicted, under Trenton city ordinance, of driving while under the influence of intoxicating liquor. Reversed.

*Raubolt, MacDonald & Dodge (Don F. Dodge,* of counsel), for the people.

*Richard E. Valois,* for defendant.

CARR, C. J. At the session of 1960 the legislature amended the motor vehicle code* of the State by adding thereto (PA 1960, No 148) a new section to stand as section 625a thereof. (CL 1948, § 257.625a [Stat Ann 1961 Cum Supp § 9.2325(1)].) Said added section, the interpretation and application of which are involved in this case, reads as follows:

"(1) In any criminal prosecution relating to driving a vehicle while under the influence of intoxicating liquor where a person who, after being first advised and acknowledging in writing that he is not required by law to give his consent to a chemical test, shall have given his written consent to a chemical test of his blood for the purpose of determining the alcoholic content of his blood, the amount of alcohol in such person's blood at the time alleged as shown by such chemical analysis of the person's blood, shall be admissible and shall give rise to the following presumptions, and in the event any such tests are given, the results of such tests shall be made available to the person so charged or his attorney prior to the day of the trial and must be

---

* PA 1949, No 300, as amended (CLS 1956, § 257.1 *et seq.,* as amended [Stat Ann 1960 Rev and Stat Ann 1961 Cum Supp § 9.1801 *et seq.*]).

introduced into evidence by the prosecution upon the demand of the defendant:

"(a) If there was at that time 0.05% or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor;

"(b) If there was at that time in excess of 0.05% but less than 0.15% by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant;

"(c) If there was at that time 0.15% or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor; however, such presumption shall be subject to rebuttal.

"(2) Only a duly licensed physician or duly registered nurse, under the supervision of a licensed physician, acting at the request of a police officer, can withdraw blood for the purpose of determining the alcoholic content therein under the provisions of this act.

"(3) A person charged with driving a vehicle while under the influence of intoxicating liquor shall be permitted to have a licensed physician or registered nurse, under the supervision of a physician of his own choosing, administer a chemical test as provided in this section within a reasonable time after his detention, and the results of such test shall be admissible if offered by the defendant and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. Any person charged with driving a vehicle while under the influence of intoxicating liquor shall have the right to demand that the test provided for in this section must be given him, provided facilities are reasonably available to administer such test, and the results of such test shall be admissible if of-

fered by the defendant and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. The defendant shall be advised of his right to the test provided for in this subsection.

"(4) The refusal on the part of any person to submit to any such test shall not be admissible in any criminal prosecution relating to driving a vehicle while under the influence of intoxicating liquor.

"(5) The provisions of this section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of intoxicating liquor."

At approximately 2 o'clock in the morning of August 27, 1961, defendant was arrested by police officers of the city of Trenton and was charged under the ordinance of said city with driving an automobile while under the influence of intoxicating liquor. On trial in justice court defendant was convicted and sentenced to pay a fine and costs, or to serve 30 days in the Wayne county jail. The conviction was appealed to the circuit court where a trial *de novo* was had before a circuit judge of Wayne county, who found defendant guilty as charged and placed him on probation for a period of 1 year. From that conviction defendant, on leave granted, has appealed to this Court, said appeal being based on the claim that his conviction was erroneous in that the above quoted section of the motor vehicle code was not observed.

The police officers of the city of Trenton who arrested defendant testified that they observed him operating his automobile on Jefferson avenue in Trenton, that their attention was called to him by another motorist, and that defendant's car was "weaving" from side to side although remaining on its proper side of the center line of the street.

Defendant stopped on signal and alighted from his car. The officers concluded that he was intoxicated, basing such conclusion on his acts and appearance, placed him under arrest, and took him to police headquarters. They conceded that at no time was defendant advised with reference to his rights to have a blood test taken in accordance with the statute, the results of such test to be used in the determination of the question whether or not he was guilty of operating a motor vehicle while under the influence of intoxicating liquor. Counsel for defendant insisted that because of such failure the charge against defendant should be dismissed. The motion was denied, and the case proceeded to conviction and sentence.

The officers in question testified that they thought that defendant was so badly intoxicated as to prevent his understanding the explanation of his statutory rights had it been made to him. However, it further developed that they did not have available any prepared forms whereby defendant might have expressed his written consent to a blood test. The record indicates that subsequently such forms were made available in the Trenton police department.

The record is not fully in accord with the claimed opinion of the police officers that defendant could not have understood an explanation as to his statutory rights. Defendant was a witness in his own behalf on the trial and his testimony indicated a fairly clear recollection of what occurred. He gave his reasons for leaving home at 1:30 in the morning, stating that he was intending to go to Trenton to the home of his stepson in order to see if Mrs. Koval was there. He testified as to the clothing that he wore, and to his driving from his home in Lincoln Park through Ecorse, Wyandotte, and Riverview, to the city of Trenton where he was stopped. There

is no showing that he had any difficulty in starting his automobile or that he met with any accidents during the several miles that he operated it through the municipalities named.

The witnesses for the people testified that they asked defendant for his driver's license and that he replied that he did not have any identification on his person. They asked him to write his name and he apparently complied with the request. The officers did not think the signature was legible, but it was not preserved or at least not presented in court. Defendant obeyed the signal to stop when given him by the officers, and apparently complied with their directions in all respects. It will be noted in passing that 1 of the officers had no recollection of requesting defendant to sign his name.

The statutory requirement in question here is mandatory in form and it should have been observed. It was enacted for the protection and benefit of a defendant charged with operating a motor vehicle while under the influence of intoxicating liquor. *People v. Reeder*, 370 Mich 378. The record does not justify a conclusion that defendant was so far under the influence of intoxicating liquor as to have been incapable of understanding what was said to him or devoid of ability to direct and control his physical movements. The fact that he operated his automobile through municipal streets for several miles prior to his arrest, and the further fact that he was able to explain to the officers that he did not have an operator's license with him, together with his other responses and actions, indicate clearly that the officers were not dealing with one hopelessly intoxicated or "dead drunk," as the expression is sometimes used. Were one in the condition suggested by such terms his ability to commit the offense involved in the present case by driving an automobile would seem to be improbable.

The noncompliance with the statutory requirement in question rendered the conviction of the defendant improper. The case is remanded to circuit court with directions to set aside the verdict and sentence and discharge the defendant.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.