PEOPLE v UNDERWOOD

Docket No. 84151. Submitted March 13, 1986, at Lansing. Decided
    May 1, 1986.
    Orville W. Underwood was convicted by a jury in district court of
    operating a vehicle while impaired-second offense and was
    sentenced to a fine of $500 or thirty days in jail. Defendant
    appealed to Oakland Circuit Court, which dismissed the appeal,
    Hilda R. Gage, J. Defendant appeals by leave granted. *Held:*
        Defendant was effectively denied his statutory right to have
    an independent blood test administered. Defendant's conviction
    is reversed and the charge is dismissed.
        Reversed.

CRIMINAL LAW — DRIVING UNDER THE INFLUENCE OF LIQUOR —
    BLOOD-ALCOHOL TESTS.
    A person who takes a blood-alcohol test administered at the
    request of a police officer must be given a reasonable opportu-
    nity to have a person of his or her choosing administer an
    independent blood-alcohol test within a reasonable time after
    detention (MCL 257.625a[5]; MSA 9.2325[1][5]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief,
Appellate Division, and *Margaret G. Horenstein,*
Assistant Prosecuting Attorney, for the people.

*William A. Basse,* for defendant on appeal.

REFERENCES
Am Jur 2d, Automobiles and Highway Traffic §§ 296-311.
Drunk driving: motorist's right to private sobriety test. 45 ALR4th
    11.
Request for prior administration of additional test as constituting
    refusal to submit to chemical sobriety test under implied consent
    law. 98 ALR3d 572.

Before: MACKENZIE, P.J., and ALLEN and G. W. CROCKETT III,* JJ.

PER CURIAM. Defendant was convicted by a jury in district court of operating a vehicle while impaired—second offense, MCL 257.625(b)(3); MSA 9.2325(2)(3). He was sentenced to a fine of $500 or thirty days in the county jail. Defendant appealed as of right to the Oakland Circuit Court, but his appeal was dismissed. This Court granted defendant's application for leave to appeal.

We reverse defendant's conviction because defendant was effectively denied his statutory right to have a blood test.

MCL 257.625a(5); MSA 9.2325(1)(5) provides, in part:

> A person who takes a chemical test administered at the request of a peace officer, as provided in this section, shall be given a reasonable opportunity to have a person of his or her own choosing administer 1 of the chemical tests described in this section within a reasonable time after his or her detention, and the results of the test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant.

At the hearing held on defendant's pretrial motion to dismiss, the trial court concluded that the right to have an independent blood test was not violated. The testimony of defendant, the sole witness at this motion hearing revealed that defendant made a clear request for an alternative chemical test of his blood-alcohol level when he was arrested and again at the police station. According to defendant's testimony, he demanded that a

* Recorder's court judge, sitting on the Court of Appeals by assignment.

blood test be performed at Beaumont Hospital in Troy. Further, his testimony revealed that he had sufficient funds to pay for the test. According to his testimony, the arresting officers talked him out of it by saying the test was silly and stupid, that the test would show a higher blood alcohol level, and that defendant was going to go to jail anyway. Defendant testified that the results of a Breathalyzer test in the field and at the police station were 0.10 percent.

Although we find no case in Michigan directly on point, we believe that respect for the statutory right should be given willingly, and not reluctantly. Although defendant was eventually persuaded by the officers' remarks, he was deprived of an opportunity to obtain exculpatory evidence by an independent test.

We do not consider the remaining three issues raised by defendant on appeal in light of our disposition of this first issue.

Defendant's conviction is reversed, and the charge is dismissed.