BROADWELL v SECRETARY OF STATE

Docket No. 92534. Submitted December 10, 1986, at Detroit. Decided January 13, 1987.

Gary R. Broadwell was arrested for driving under the influence of liquor. He refused to submit to a Breathalyzer test administered by the police and, following a hearing, his driver's license was subsequently revoked by the Driver License Appeal Division of the Michigan Department of State. Broadwell filed a petition for review in Oakland Circuit Court, arguing that he was inaccurately informed of his rights because he had a right to have an independent chemical test administered without there first being a test given by the police. The court, John N. O'Brien, J., reversed the decision of the Appeal Division, ruling that a chemical test administered by the police is no longer a prerequisite to a right to demand an independent chemical test. The Secretary of State appealed.

The Court of Appeals *held:*

The right of an accused to obtain independent chemical analysis continues to be conditioned upon the taking of chemical tests administered at the request of peace officers. The holding of the circuit court is reversed and the order reinstating Broadwell's driver's license is vacated.

Reversed and vacated.

INTOXICATING LIQUORS — BREATHALYZER TESTS — EVIDENCE.

The enactment of 1982 PA 310 has not altered the right of a person accused of driving while under the influence of intoxicating liquor to obtain independent chemical analysis of blood alcohol content; that right continues to be conditioned upon the taking of chemical tests administered at the request of peace officers (MCL 257.625[a]; MSA 9.2325[1]).

*Donald E. McGinnis, Jr.,* for petitioner.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 377 *et seq.*.

Motorist's right to private sobriety test. 45 ALR4th 11.

Constitutional right of one charged with intoxication to summon a physician at accused's own expense to make test for alcohol in system. 78 ALR2d 905.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Melba A. Kopel,* Assistant Attorney General, for respondent.

Before: WAHLS, P.J., and R. M. MAHER and D. J. SHIPMAN,* JJ.

PER CURIAM. On January 13, 1986, petitioner's driver's license was revoked by the Drivers License Appeal Division of the Michigan Department of State, pursuant to MCL 257.625(c); MSA 9.2325(3). On April 23, 1986, the Oakland Circuit Court reversed the Appeal Division's decision, ruling that a chemical test administered by the police is no longer a prerequisite to a right to demand an independent chemical test under the amended statute. MCL 257.625(a)(5); MSA 9.2325(1)(5). The Secretary of State now appeals from the circuit court's ruling as a matter of right.

On October 9, 1985, petitioner was arrested by the Farmington Hills police for driving under the influence of liquor. Farmington Hills Police Officer Michael Wiechert was driving west on Grand River near Shiawassee when he noticed petitioner's car approaching the intersection of Grand River and Shiawassee. As Wiechert approached the intersection, petitioner's automobile failed to stop at the stop sign and continued onto Grand River, forcing Wiechert to take evasive action to avoid a collision. At that point, Wiechert turned on his overhead lights and stopped petitioner.

When Wiechert asked petitioner for his license and driver's registration, he noticed that petitioner's actions were "slow and deliberate" as he tried to take his license out of his wallet. While standing alongside petitioner's automobile, Wiechert smelled the odor of alcohol coming from the auto-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mobile's interior. He also noticed that petitioner's speech was slow and slurred, that his pupils were dilated, and that his eyes were red and glassy. Wiechert asked petitioner how much he had had to drink. Petitioner responded that he had had a few drinks at his father's retirement party.

At this point, Wiechert asked petitioner to get out of his vehicle. As petitioner did so, he had to hold onto the driver's door to maintain his balance. Wiechert also detected a strong smell of alcohol on petitioner's breath.

Wiechert gave petitioner three sobriety tests. He first asked petitioner to recite the alphabet. Petitioner was able to do so, although his speech was "slow and deliberate." Wiechert then asked petitioner to count backwards from twenty to one. At first, petitioner said he could not take this test, but then he attempted it. According to the officer, petitioner counted backwards to thirteen, then stopped for a couple seconds before finishing. Wiechert finally asked petitioner to walk heel to toe, ten steps forward, eight steps in return. According to Wiechert, petitioner was unable to keep his balance and complete the test, despite the fact that he made several attempts.

Wiechert advised petitioner of his preliminary breath test rights. The officer had to advise petitioner of his rights five times, and, after five minutes, demanded an answer. When petitioner could not make a decision, Wiechert cited him for preliminary breath test refusal. Petitioner was then arrested for driving under the influence of liquor.

At the police station, Officer Wiechert read petitioner the standard Chemical Test Rights Form, which is used uniformly by state and local police in Michigan. Petitioner was allowed to make several phone calls, including one to a friend, who

advised petitioner not to take a Breathalyzer test. Petitioner told the police that he refused to take the Breathalyzer test. Wiechert then filled out a report of refusal to submit to a chemical test.

At both the administrative hearing and circuit court hearings, petitioner argued that he was inaccurately informed of his rights, since he had a right to an independent chemical test unconditioned by a prior test's having been given by police officers. Petitioner based his argument on a prior decision of the Berrien Circuit Court. As noted, *supra,* the Oakland Circuit Court agreed with that decision and held that the amended MCL 257.625(a)(5); MSA 9.2325(1)(5) removes any qualification to the right to an independent chemical test. The matter is one of first impression under the amended statute.

Prior to being amended by 1982 PA 310, the statute provided:

> A person charged with [driving a vehicle while under the influence of intoxicating liquor] who takes a chemical test administered at the request of a peace officer, as provided in sections (1) and (2), shall be informed that the person be given a reasonable opportunity to have a person of his or her own choosing administer 1 of the chemical tests, as provided in this section, within a reasonable time after his or her detention, and the results of the test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. A person charged with [driving a vehicle while under the influence of intoxicating liquor] who is requested by the peace officer to take a chemical test as provided in subsections (1) and (2) shall be informed that he or she has the right to demand that 1 of the tests provided for in subsection (1) shall be given him or her, and the results of the test shall be admissible and shall be considered

with other competent evidence in determining the innocence or guilt of the defendant. [1980 PA 515; MCL 257.625a(3); MSA 9.2325(1)(3).]

It is clear that, under the old act, submitting to a chemical test by the police was a prerequisite to procuring an independent chemical test. *Collins v Secretary of State,* 384 Mich 656, 667; 187 NW2d 423 (1971); *People v Castle,* 108 Mich App 353, 357; 310 NW2d 379 (1981).

Following the effective date of 1982 PA 310, March 30, 1983, the statute provided in pertinent part:

> *A person who takes a chemical test administered at the request of a peace officer, as provided in this section, shall be given a reasonable opportunity to have a person of his or her own choosing administer 1 of the chemical tests described in this section within a reasonable time after his or her detention, and the results of the test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant.* If the person charged is administered a chemical test by a person of his or her own choosing, the person charged shall be responsible for obtaining a chemical analysis of the test sample. The person charged shall be informed that he or she has the right to demand that a person of his or her choosing administer 1 of the tests provided for in subsection (1), that the results of the test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant, and that the person charged shall be responsible for obtaining a chemical analysis of the test sample. [MCL 257.625a(5); MSA 9.2325(1)(5). Emphasis added.]

We perceive no significant change in the language of the statute at issue.

The petitioner urges that the statute be construed to provide that a person shall be given a reasonable opportunity to have a person of his or her own choosing administer one of the chemical tests. However, that construction would render nugatory the qualifying phrase, "who takes a chemical test administered at the request of a peace officer," which follows the word "person." It is well established that every word and phrase of a statute should be given meaning and not treated as mere surplusage or rendered nugatory. See *Heritage Hill Ass'n v Kinsey,* 146 Mich App 803, 807; 381 NW2d 831 (1985), and cases cited therein. Moreover, in view of the fact that this qualifying phrase was unaltered from the previous act, we believe that the Legislature intended no change from our previous rulings. The Legislature is presumed to know of and legislate in harmony with existing law. *In the Matter of Colon,* 144 Mich App 805, 811; 377 NW2d 321 (1985).

Finally, we note that the primary goal of statutory construction is to determine the intent of the Legislature. *PSB State Bank v Comerica Inc,* 151 Mich App 452, 460; 391 NW2d 371 (1986). We believe that the intent of the Legislature in this instance was to allow the production and preservation of chemical evidence in an orderly manner. The construction urged by petitioner at bar would place the only scientific evidence of chemical impairment at his sole disposal. Such a result is directly contrary to the intent of the Legislature.

For the foregoing reasons, we hold that, under 1982 PA 310, the right of an accused to obtain independent chemical analysis continues to be conditioned upon the taking of chemical tests administered at the request of peace officers. We

therefore reverse the holding of the circuit court and vacate the order of the circuit court reinstating petitioner's driver's license.

Reversed and vacated.