PEOPLE v SCHWAB

Docket No. 101207. Submitted November 4, 1987, at Grand Rapids.
    Decided September 9, 1988.

    Matt J. Schwab was arrested at 1:25 A.M. and Breathalyzer tests
    were administered to him at 3:27 and 3:38 A.M. When defen-
    dant was subsequently prosecuted for operating a motor vehicle
    while under the influence of intoxicating liquor, he moved to
    suppress the test results. The district court granted defendant's
    motion. The people sought leave to appeal to the Antrim
    Circuit Court. Leave was granted in the form of an order for
    the district court to conduct an evidentiary hearing and render
    a decision after hearing evidence on the effect of the passage of
    time on the reliability of the Breathalyzer tests. The district
    court conducted the hearing and ruled that due to the delay in
    administering the tests they were not sufficiently probative of
    the defendant's blood alcohol level at the time of his arrest.
    The circuit court, Charles M. Forster, J., then affirmed the
    district court's decision. The people appealed.

        The Court of Appeals held:

        The district court did not, under the facts of this case, abuse
    its discretion in not admitting the results of the tests.

        Affirmed.

EVIDENCE — BLOOD ALCOHOL TESTS.

    Four foundational requirements must be met by the proponent of
    chemical tests of blood alcohol before the results of such tests
    may be admitted into evidence, (1) it must be shown that the
    operator is qualified, (2) the proper method or procedure must
    be demonstrated as having been followed in the tests, (3) the
    tests must have been performed within a reasonable time after
    the arrest, and (4) the testing device must be shown to be
    reliable; the determination whether a sufficient foundation has
    been laid for the admission of the evidence is left to the trial

REFERENCES

Am Jur 2d, Evidence §§ 295, 830, 1104.
Necessity and sufficiency of proof that tests of blood alcohol concen-
    tration were conducted in conformance with prescribed methods.
    96 ALR3d 745.

court's discretion and will be overturned on appeal only for an abuse thereof (MRE 104[a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Bryan E. Graham,* Prosecuting Attorney, for the people.

*Bloomquist & Hunter* (by *John G. Hunter*), for defendant.

Before: Wahls, P.J., and Beasley and D. A. Burress,* JJ.

Per Curiam. The people appeal by leave granted from a circuit court order affirming the district court's suppression of the results of two Breathalyzer tests given to defendant. The defendant was being prosecuted for operating a motor vehicle while under the influence of intoxicating liquor, MCL 257.625; MSA 9.2325.

Defendant was arrested at 1:25 A.M. Breathalyzer tests were administered at 3:27 A.M. and 3:38 A.M., 2¼ hours after defendant was first stopped by the police. Defendant moved to suppress the results and the district court granted the motion. The people sought leave to appeal in the circuit court. Leave was granted in the form of an order for the district court to conduct an evidentiary hearing and render a decision after hearing evidence on the effect of the passage of time on the reliability of the Breathalyzer tests.

After conducting the hearing, the district court ruled that, due to the delay in administering the Breathalyzer tests, they were not sufficiently probative of the defendant's blood alcohol level at the time of his arrest. The circuit court then affirmed the district court's decision.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Both parties in this case invite us to establish a rule which would include or exclude the results of a Breathalyzer test, depending on the time frame in which the test is given. We decline the invitation. As we see it, the issue is whether the district court abused its discretion in not admitting the results of defendant's Breathalyzer tests. We find that it did not.

In order for the results of chemical tests of blood alcohol to be admitted into evidence, the proponent of such tests must meet four foundational requirements. First, it must be shown that the operator is qualified. Second, the proper method or procedure must be demonstrated as having been followed in the tests. Third, the tests must have been performed within a reasonable time after the arrest. Finally, the testing device must be shown to be reliable. *People v Kozar,* 54 Mich App 503, 509, n 2; 221 NW2d 170 (1974), lv den 392 Mich 819 (1974). Failure to meet any of these foundational requirements will preclude the use of the test results. *People v Krulikowski,* 60 Mich App 28, 32-33; 230 NW2d 290 (1975).

In the instant case, the only error raised by defendant relates to the reasonable time prerequisite. Neither the arrest nor the other prerequisites are challenged. Defendant relies on *Krulikowski* for the rule that the prerequisites bear on the admissibility of the tests, not merely the weight to be assigned such evidence. Of the prerequisites set out in *Kozar,* all of them, except for the reasonable time requirement, are objective standards, capable of being precisely determined. This being the case, whether a sufficient foundation has been laid for the admission of evidence is left to the discretion of the trial court. *People v Harris,* 64 Mich App 503, 508; 236 NW2d 118 (1975).

In this case, the district court heard extensive

testimony pertaining to the reasonableness of the delay in administering the Breathalyzer tests. Experts from both sides testified about the rate at which alcohol is metabolized, how likely it is to be absorbed into the stomach, and the many variables that can have an effect on the rate of absorption and metabolism. The district court concluded that the tests were too remote in time to give any reliable indication of defendant's blood alcohol content at the time he was driving.

This Court in *Kozar, supra,* held that the prosecutor has no duty to relate chemical test results back to the time of the alleged offense, stating that "a defendant's blood alcohol content at the time of the offense should be regarded as equivalent to his blood alcohol content as determined by a subsequent chemical test provided such test was administered within a *reasonable* time after the defendant's arrest." 54 Mich App 508.

The reasonableness of the time lapse involved is a foundation issue, going to the admissibility of the test results. *Krulikowski, supra,* pp 32-33. Pursuant to MRE 104(a), this is an issue for the trial judge and is consigned to his sound discretion. *People v Amison,* 70 Mich App 70, 74; 245 NW2d 405 (1976), lv den 402 Mich 815 (1977). Absent an abuse of discretion, such a determination will not be overturned on appeal. *People v Strickland,* 78 Mich App 40, 53; 259 NW2d 232 (1977), lv den 402 Mich 917 (1978). No such abuse occurred in this case.

We limit our holding to the facts of this case. We do not reach the issue of how much of a delay is reasonable in every case. Reasonableness is a somewhat amorphous concept that varies from one set of factual circumstances to the next. We find it unnecessary to set a time and limit the discretion of trial courts. Trial judges are capable of protect-

ing each defendant's right to a fair trial by making case-by-case evaluations based on the prosecutor's ability to prove the reasonableness of the delay.

Affirmed.