PEOPLE v DICKS

Docket No. 129617. Submitted April 16, 1991, at Lansing. Decided
August 19, 1991, at 9:40 A.M. Leave to appeal sought.

John E. Dicks was charged in the 52nd District Court with
operating a motor vehicle while under the influence of intoxi-
cating liquor. The court, Gerald E. McNally, J., dismissed the
charge on the basis that the arresting officers' refusal to take
the defendant to the hospital of his choice for an independent
blood alcohol test after having administered a Breathalyzer test
was a violation of the defendant's statutory right to such a test,
despite the fact that the police had taken the defendant to
another hospital for an independent test. The Oakland Circuit
Court, John N. O'Brien, J., affirmed. The people appealed by
leave granted.

The Court of Appeals held:

It is clear that the defendant's statutory right to an indepen-
dent test by a person of his own choosing was violated by the
police officers' refusal to take him to the hospital that he
preferred and that was within a reasonable driving distance
from the location of the arrest. However, the appropriate
remedy for the violation of that right where, as here, an
independent test was administered and the results of that test
are not challenged is suppression of evidence of the results of
both the police-administered and independently administered
tests.

Reversed and remanded.

INTOXICATING LIQUORS — BREATHALYZER TESTS — INDEPENDENT CHEM-
ICAL TESTS — DISMISSAL OF CHARGES — SUPPRESSION OF EVI-
DENCE.

Where police fail to accede to a defendant's choice of hospital for
administration of an independent blood alcohol test following a
police-administered Breathalyzer test, the appropriate remedy
is suppression of the results of the Breathalyzer and hospital

REFERENCES

Am Jur 2d, Automobile Insurance §§ 306, 307.

Drunk driving: Motorist's right to private sobriety test. 45 ALR4th
11.

tests, even where the police take the defendant to another hospital for an independent test (MCL 257.625a[5]; MSA 9.2325[1][5]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*E. Gary Veltman,* for the defendant.

Before: SAWYER, P.J., and MARILYN KELLY and NEFF, JJ.

NEFF, J. Defendant was charged with driving while under the influence of intoxicating liquor and operating a vehicle while having a blood alcohol content of 0.10 percent or more, MCL 257.625(1) and (2); MSA 9.2325(1) and (2). The circuit court affirmed the district court's dismissal of the case. The prosecutor appeals by leave granted. We reverse and remand.

I

Defendant was stopped while driving on M-15 in Brandon Township, Michigan, and he was arrested after giving a poor performance on field sobriety tests. One of the troopers read defendant his chemical test rights. Defendant took a Breathalyzer test.

Defendant then asked to be taken to St. Joseph's Hospital to have a separate blood test administered. The trooper stated that Pontiac Osteopathic Hospital was closer, so they took defendant there.

Defendant testified that he did not want to go to Pontiac Osteopathic Hospital because he had received poor treatment there in the past. The troop-

ers acknowledged that St. Joseph's was within a reasonable driving distance, but that they usually took suspects to Pontiac Osteopathic Hospital.

Pontiac Osteopathic Hospital took a sample of defendant's blood and performed the blood test. Following an evidentiary hearing in district court, the judge dismissed the charges against defendant because the officers had violated his statutory right to have a blood test administered by a person of his own choosing. The district court's order of dismissal was affirmed by the circuit court.

II

The sole issue on appeal is whether the district court erred in dismissing the charges against defendant as a remedy for the arresting officers' failure to allow defendant to choose the person to administer a chemical test, contrary to MCL 257.625a(5); MSA 9.2325(1)(5).

The prosecutor does not dispute that defendant was entitled to a reasonable opportunity to have an alternative chemical test administered by a person of his choice, or that St. Joseph's Hospital is a person within the statutory meaning of the word "person." The prosecutor contends, however, that the officers' failure to comply with the statute in this regard is de minimis and does not warrant the severe sanction of dismissal of criminal charges because the violation did not deprive defendant of the opportunity to obtain independent blood testing. The prosecutor further points out that defendant does not challenge the results of the blood test or claim that the test was improperly performed.

Defendant argues that the officers clearly violated the statute when they, over the express objection of defendant, selected the person to ad-

minister the blood test. He further argues that his right to gather evidence for his defense is a constitutional right, so that police interference constitutes a due process violation. Additionally, defendant contends that the purpose of allowing a suspect to choose an independent test is to ensure the fairness of the first field test conducted by the police, that this purpose is not served if the police also control the second test, and that allowing the police to choose the site for the second test increases the opportunity for them to tamper with the test's administration or results.

III

In effect, the parties are asking this Court to determine what remedy should be applied where a defendant has been deprived of the opportunity to have a chemical test administered by a person of the defendant's own choosing, in accordance with MCL 257.625a(5); MSA 9.2325(1)(5), which provides in pertinent part:

A person who takes a chemical test administered at the request of a peace officer, as provided in this section, shall be given a reasonable opportunity to have a person of his or her own choosing administer 1 of the chemical tests described in this section within a reasonable time after his or her detention, and the results of the test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. If the person charged is administered a chemical test by a person of his or her own choosing, the person charged shall be responsible for obtaining a chemical analysis of the test sample. The person charged shall be informed that he or she has the right to demand that a person of his or her choosing administer 1 of the tests provided for in subsection (1), that the

results of the test shall be admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant, and that the person charged shall be responsible for obtaining a chemical analysis of the test sample.

Because defendant took a Breathalyzer test, he was entitled to a reasonable opportunity to have a person of his own choosing administer another chemical test within a reasonable time of his detention. It is undisputed that defendant was denied this opportunity.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *People v Hawkins,* 181 Mich App 393, 396; 448 NW2d 858 (1989). The first criterion in determining intent is the specific language of the statute. *Id.* The Legislature is presumed to have intended the meaning it plainly expressed. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 744; 453 NW2d 301 (1990).

The Legislature is presumed to have intended the plainly expressed meaning of this statute, which is that defendant was entitled to a reasonable opportunity to have a person of his choosing administer the blood test.

The intent of the Legislature in enacting MCL 257.625a(5); MSA 9.2325(1)(5) was to allow the production and preservation of chemical evidence in an orderly manner. *Broadwell v Secretary of State,* 158 Mich App 681, 686; 405 NW2d 120 (1987). The petitioner in *Broadwell* argued that he was entitled to have a person of his choosing administer the test without first being subjected to a chemical test by the police officer. However, this Court found that such a construction of the statute would place the only scientific evidence of chemi-

cal impairment within the petitioner's sole disposal, contrary to the legislative intent of the statute. *Id.* In *People v Koval,* 371 Mich 453, 458; 124 NW2d 274 (1963), our Supreme Court found that the then existing statute, which does not significantly differ from the current one, was enacted for the protection and benefit of motorists charged with driving while under the influence of intoxicating liquor. Thus, it may be said that the Legislature intended that the scientific evidence shall not be at the sole disposal of either party, and it ensured this result by allowing police to administer one test and allowing the accused to choose an independent person to administer a second chemical test.

St. Joseph's Hospital, defendant's choice for the administration of an independent chemical test, was within a reasonable driving distance. The police denied defendant the opportunity to have that hospital administer the test.

In *People v Willis,* 180 Mich App 31, 37; 446 NW2d 562 (1989), this Court found no due process considerations that require the establishment of a blanket rule that failure to comply with applicable administrative rules promulgated by the Department of State Police relating to the administration of Breathalyzer tests should result in a dismissal of charges. The Court stated:

> We are unpersuaded that any due process considerations require us to establish a blanket rule that failure to comply with the administrative rules should result in a dismissal of charges. The argument that a suspect must not be frustrated in his ability to obtain exculpatory evidence has merit. However, we believe that those rights are adequately protected by the provisions of MCL 257.625a(5); MSA 9.2325(1)(5), which require that a suspect be advised of his right to an independent

test to be administered by a person of his own choosing. Thus, the analysis is not whether the police complied with the administrative rules, but whether they complied with the statutory requirement of informing the suspect of his right to an independent test and whether they interfered with a suspect's attempts to obtain a test. . . . If [the defendant's] so-called chemical rights under the statute were violated, then the court can dismiss the charges against him. See *People v Underwood,* 153 Mich App 598; 396 NW2d 443 (1986).

There was a question in *Willis* whether one of the defendants' chemical rights under MCL 257.625a(5); MSA 9.2325(1)(5) was violated. The Court indicated that it was unclear whether the defendant was denied a third Breathalyzer test that would have been required for that defendant under the administrative rules or whether he was denied an independent test. The Court stated that that question could be resolved on remand, but also stated:

> To the extent that the police procedures employed in a particular case actually interfere with a suspect's right to obtain an independent test, the defendant may seek relief for such interference. [*Id.,* pp 37-38.]

The Court in *Willis* found that the appropriate remedy to be applied where Breathalyzer tests are not administered in compliance with applicable administrative rules is suppression of the evidence of the Breathalyzer test and its results rather than the dismissal of charges. *Id.*

Here, although defendant was denied the opportunity to have a chemical test administered by a person of his own choosing, he nonetheless obtained an independent chemical test and does not challenge the results of the independent test or claim that the test was improperly performed. We believe that the proper remedy for such a statu-

tory violation is suppression of the evidence rather than a dismissal of charges. We limit our holding to the facts of this case, and we find only that where a defendant is denied the opportunity to choose a person to administer a chemical test pursuant to statute but nonetheless obtains an independent blood test and does not challenge the results of the test or claim that the test was improperly performed, the proper remedy for such a violation is suppression of both the Breathalyzer and blood test results.

We specifically distinguish this case from those where a defendant is denied the right to have an independent chemical test. See, e.g., *Koval, supra; Underwood, supra; People v Burton,* 13 Mich App 203; 163 NW2d 823 (1968). In such situations, dismissal of the charges is clearly an appropriate remedy.

IV

We also acknowledge that the situation may occur where a defendant's Breathalyzer test results are exculpatory, but the defendant is denied the opportunity to choose a person to administer an independent chemical test, and the defendant may wish to introduce evidence of the exculpatory Breathalyzer test. In such a situation, we believe that the defendant should be entitled to present evidence of the exculpatory Breathalyzer test results. However, because such a situation is not presented here, we leave such analysis to an appropriate case.

V

The circuit court's order affirming the district court's dismissal of charges against defendant is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.