PEOPLE v PRELESNIK

Docket No. 179370. Submitted November 22, 1995, at Grand Rapids. Decided September 27, 1996, at 9:30 A.M.

John W. Prelesnik was charged in the 64-B District Court with operating a motor vehicle while under the influence of intoxicating liquor. The charge arose out of the defendant's arrest for erratic driving at 10:44 P.M. on December 9, 1993. After failing field sobriety tests, the defendant was transported to the police station where, at 11:35 P.M., after being informed of his rights, including his right to an independent alcohol-content test, he submitted to two Breathalyzer tests that resulted in a showing of 0.14 percent alcohol content. The defendant did not request an independent test at that time. At 2:30 A.M., the defendant's wife, after having talked to the defendant on the telephone, telephoned the jail at the defendant's request and demanded that an independent alcohol-content test be given to the defendant. The request was denied by a sergeant on the basis that it was untimely. The district court, Joel S. Gehrke, J., dismissed the charge after finding that the defendant had not been afforded an opportunity to have an independent alcohol-content test in accordance with the mandate of MCL 257.625a(6)(d); MSA 9.2325(1)(6)(d). The prosecutor appealed, and the Montcalm Circuit Court, Charles W. Simon, J., reversed the ruling of the district court and reinstated the criminal charge. The defendant appealed by leave granted.

The Court of Appeals *held*:

1. A circuit court's ruling with respect to an appeal of a district court's dismissal of a charge of driving while intoxicated based on the failure of the police to afford the defendant a reasonable opportunity to obtain an independent alcohol-content test is reviewed by the Court of Appeals for clear error.

2. The relevant inquiry in determining whether a charge of driving while intoxicated should be dismissed because of a failure of the police to afford the defendant the opportunity to have an independent alcohol-content test is not whether the police denied the defendant due process by acting in bad faith, but rather whether an independent alcohol-content test would have produced relevant evidence about the defendant's blood alcohol level at the time of

his arrest. Accordingly, where, as here, the request is made some time after a defendant's arrest and detention, a court, before ruling with respect to a motion to dismiss a charge because of a failure to allow an independent test, should hold an evidentiary hearing to determine the relevancy of any test results that could have been obtained from an independent test given at the time of the request and, thereby, permit a determination of the reasonableness of the refusal of the police to allow an independent test. Because the district court did not hold such an evidentiary hearing, but rather assumed that the results of an independent test would be relevant, this matter must be remanded for such an evidentiary hearing.

Order of the circuit court reversed; case remanded to the district court.

SAAD, P.J., dissenting, stated that the order of the circuit court reinstating the charge should be affirmed because the delay in requesting an independent alcohol-content test in this case was sufficiently long to permit a court to hold as a matter of law that the request was not made within a reasonable time after the defendant's detention, as mandated by MCL 257.625a(6)(d); MSA 9.2325(1)(6)(d).

1. INTOXICATING LIQUORS — DISMISSAL OF CHARGES — APPEAL — STANDARD OF REVIEW.

A circuit court's ruling with respect to an appeal of a district court's dismissal of a charge of driving while intoxicated based on the failure of the police to afford the defendant a reasonable opportunity to obtain an independent alcohol-content test is reviewed by the Court of Appeals for clear error (MCL 257.625a[6][d]; MSA 9.2325[1][6][d]).

2. INTOXICATING LIQUORS — DISMISSAL OF CHARGES — INDEPENDENT ALCOHOL-CONTENT TESTS — DUE PROCESS — RELEVANT EVIDENCE.

The relevant inquiry in determining whether a charge of driving while intoxicated should be dismissed because of a failure of the police to afford a defendant the opportunity to have an independent alcohol-content test is not whether the police denied the defendant due process by acting in bad faith, but rather whether an independent alcohol-content test would have produced relevant evidence about the defendant's blood alcohol level at the time of the arrest (MCL 257.625a[6][d]; MSA 9.2325[1][6][d]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Larry W. Hachman*, Prose-

cuting Attorney, and *Herbert P. Tanner, Jr.*, Assistant Prosecuting Attorney, for the people.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Bernard F. Finn*), for the defendant.

Before: SAAD, P.J., and MARILYN KELLY and M. J. MATUZAK,* JJ.

MARILYN KELLY, J. Defendant appeals by leave granted from an order reinstating a criminal charge of operating a motor vehicle while under the influence of intoxicating liquor. MCL 257.625; MSA 9.2325. The district court had earlier dismissed the charge after finding that defendant was not afforded an opportunity to have an independent alcohol content test conducted. MCL 257.625a(6)(d); MSA 9.2325(1)(6)(d). Defendant argues that the circuit court erred in reinstating the charge. We reverse and remand.

I

On December 9, 1993, at approximately 10:44 P.M., police officers stopped defendant for erratic driving. They arrested him after he failed various field sobriety tests. Upon arrival at the police station at approximately 11:35 P.M., defendant was read his rights, including his right to have an independent alcohol test. He submitted to two breathalyzer tests, with a result of 0.14 percent alcohol content. He was then placed in a cell with other prisoners. Defendant testified that, while in the cell, he realized that he had a right to an independent alcohol test. He attempted to get the attention of the jailers, but did so quietly so that the other prisoners would not notice his efforts.

---

*Circuit judge, sitting on the Court of Appeals by assignment.

Defendant was the warden of a nearby prison, and he feared that he would be recognized by his cellmates.

The deputy on duty testified he could see defendant's cell at all times. While ordinary conversation could not be heard, the deputies could hear if a prisoner yelled or tapped on the cell glass. The deputy did not notice defendant attempting to contact the officers, either by word or deed.

When another prisoner was given a telephone to place a call, defendant obtained the phone and called his wife. He told her to call the jail and demand that he be given an independent alcohol test. She did, but the deputies refused to take defendant for the test. In the commanding sergeant's opinion, the request was untimely. The parties stipulated that defendant had telephoned his wife at 2:20 A.M., and that the officers informed defendant that they were refusing to take him for the test at 2:30 A.M.

The district court dismissed the charge against defendant, ruling that defendant's request for an independent test at 2:20 A.M. had not been unreasonable. The results could have been relevant. The court stated:

> If the result [of the independent test] was .35, it would have been relevant. If the result was zero, with a result of .14 at the time—in the possession of the police, there are— there is expert testimony that would have came in and made that zero very relevant.
>
> The point is, Mr. Finn, in terms of his major premise, is right on. The point is—this two hour hearing that we've had makes a great record, if you want to argue that the defendant was laying in the weeds. And that's where I thought [the prosecutor] was going, because that's the only way he can ever prevail in this case, would be by showing that this is a case where a guy waited beyond the pale of reason to cre-

ate a technicality. [The prosecutor] is not even arguing that. He's making me feel foolish for suspecting that. If he's not going to argue it, and I'm merely going to suspect it, I'm sure as hell not going to find it.

What I've got here is a 2:20 request, four hours, it's arguable. I'm not saying it would have gotten the guy off, I'm saying that it would have been relevant. I'm saying it would have been—it would have been a close question for me to exclude it after argument from lawyers. If it's arguably relevant, it sure isn't to be peremptorily barred by a police officer at 2:00 in the morning because he doesn't like the guy. And so I'm going to dismiss the case.

The prosecutor appealed to the circuit court, arguing that the remedy for a statutory violation would ordinarily be suppression of the evidence. Dismissal of the case was appropriate only when the defendant's due process rights under the constitution had been violated. The prosecutor reasoned that, because the district court had dismissed the case, the court must have found that the officers' conduct rose to the level of a due process violation. The prosecutor asserted that, under federal authority, a due process violation occurs only when the police act in bad faith.

On the other hand, defendant argued that dismissal was an appropriate remedy, because this statutory violation rose to the level of a due process violation. He alleged that Michigan cases decided under the statute do not require a showing of bad faith.

The circuit court ruled in a written opinion that the present case was controlled by a "due process" opinion found in *Arizona v Youngblood*, 488 US 51; 109 S Ct 333; 102 L Ed 2d 281 (1988). Accordingly, defendant was denied due process only if the police acted in bad faith by denying his request for an independent test. The circuit court found that:

there was no bad faith when the defendant was within 6-8 feet from the police officers after his arrest and waited 2-3 hours to make his request for an independent exam.

The circuit court reversed the dismissal of the charge and remanded for further proceedings. This court granted defendant's application for leave to appeal on December 14, 1994, and the district court has stayed trial pending this appeal.

II

As a preliminary matter, we must delineate the proper standard of review on appeal. Defendant contends that the circuit court's ruling should be reviewed for an abuse of discretion, while the prosecutor contends that the ruling should be reviewed for clear error.

We note that the appropriate standard of review depends upon the context of the case. The abuse of discretion standard is employed when a trial court decides whether test results are admissible at trial. *People v Schwab*, 173 Mich App 101, 103; 433 NW2d 824 (1988). A court's determination that a defendant was not afforded a reasonable opportunity to obtain an independent alcohol test is a factual finding reviewable under the clearly erroneous standard of MCR 2.613(C). Cf. *People v Craun*, 159 Mich App 564, 568; 406 NW2d 884 (1987), rev'd on other grounds 429 Mich 859 (1987). This case does not involve the admissibility of test results, but rather whether defendant was afforded a reasonable opportunity to obtain an independent test. Consequently, we will review the circuit court's decision for clear error. MCR 2.613(C).

III

The trial court relied upon the federal case of *Youngblood, supra,* for the proposition that defendant was not denied due process, because the police did not act in bad faith. We find *Youngblood* inapplicable to this case.

In *Youngblood,* the issue was whether the defendant had been denied due process by the failure of police to preserve potentially useful evidence. The Supreme Court ruled that, absent a showing of bad faith by the police, the destruction of potentially useful evidence did not constitute a due process violation. *Id.* at 56-58. The instant case does not involve the preservation of potentially useful evidence, but rather the defendant's statutory right to an independent alcohol test. Accordingly, the circuit court's reliance upon *Youngblood* was misplaced.

The relevant statute,[1] MCL 257.625a(6)(d); MSA 9.2325(1)(6)(d), provides:

> A chemical test described in this subsection shall be administered at the request of a peace officer having reasonable grounds to believe the person has committed a crime described in section 625c(1). A person who takes a chemical test administered at the request of a peace officer, as provided in this section, shall be given a reasonable opportunity to have a person of his or her own choosing administer 1 of the chemical tests described in this subsection within a reasonable time after his or her detention, and the results of the test are admissible and shall be considered with other competent evidence in determining the innocence or guilt of the defendant. If the person charged is administered a chemical test by a person of his or her own

---

[1] We apply the version of the statute in effect at the time of the alleged offense. See 1993 PA 229. The statute was amended in 1994, with only minor changes.

choosing, the person charged is responsible for obtaining a chemical analysis of the test sample.

By enacting MCL 257.625a(6); MSA 9.2325(1)(6), the Legislature intended to allow the production and preservation of chemical evidence in an orderly manner. *People v Dicks*, 190 Mich App 694, 698; 476 NW2d 500 (1991). Motorists charged with driving while under the influence of intoxicants are ensured that scientific evidence is not at the sole disposal of the prosecution. *Id.* at 699.

The relevant inquiry, pursuant to the statutory language, is whether defendant was given a reasonable opportunity (1) to have an independent alcohol content test, (2) performed by a person of his own choosing, (3) within a reasonable time after his detention. The police stopped defendant at approximately 10:44 P.M. Defendant did not express an interest in an independent test until his wife called the police station on his behalf at 2:20 A.M. As such, approximately 3 hours and 45 minutes elapsed between his detention and the request. We find that the length of the delay alone is not dispositive of the question whether the request was timely made.

It should have been determined whether an independent test performed when defendant requested it could have produced relevant evidence about defendant's blood-alcohol level at the time of his arrest. See *Schwab, supra; Gard v Michigan Produce Haulers*, 20 Mich App 402, 407; 174 NW2d 73 (1969). No testimony was heard concerning defendant's body weight, food consumption or other factors which might have contributed to the alcohol elimination rate. Without such testimony, an accurate determination could not have been made regarding the test's relevancy and the

reasonableness of the police officers' refusal to allow it.

To hold, as the dissent does, that a 3 hour 45 minute interval is per se an unreasonable delay, would subvert the intent of the statute. Moreover, granting police officers the discretionary authority to determine reasonableness when they and the accused are in an adversarial relationship is fraught with due process problems. It is for the courts, not the police, to determine whether a delay is reasonable and whether blood alcohol test results are relevant.

We reverse the circuit court's order reinstating the charge and remand this matter to the district court for an evidentiary hearing.[2] If defendant was denied the right to an independent chemical test, dismissal of the charges is the appropriate remedy. *Dicks, supra* at 701. We do not retain jurisdiction.

M. T. MATUZAK, J., concurred.

SAAD, P.J. *(dissenting)*. I respectfully dissent.

Pursuant to MCL 257.625a(6)(d); MSA 9.2325(1)(6)(d), the relevant inquiry is whether defendant was given a "reasonable opportunity" to have an independent alcohol-content test performed by a person of his own choosing "within a reasonable time" after his detention. Here, defendant was given a reasonable opportunity to have an independent alcohol-content test, but he did not exercise his right within a reasonable time.

With respect to the reasonableness of the opportunity afforded defendant to obtain an independent test,

---

[2] The district court prematurely concluded that the results would have been relevant without conducting an evidentiary hearing.

defendant was advised of his right to such a test shortly after he arrived at the police station, at approximately 11:35 P.M. The trial court found as fact that defendant did not express any interest in an independent test until his wife called the police station on his behalf at 2:20 A.M. Accordingly, approximately three hours and forty-five minutes elapsed between defendant's notification of his right and his request.

We note that this case is distinguishable from prior cases in which the courts have found a violation of the defendant's rights. The police did not fail to read defendant his rights, contrast *People v Koval*, 371 Mich 453; 124 NW2d 274 (1963); a test was not denied because of the unavailability of a doctor, contrast *People v Burton*, 13 Mich App 203; 163 NW2d 823 (1968); the police did not attempt to talk defendant out of an independent test, contrast *People v Underwood*, 153 Mich App 598; 396 NW2d 443 (1986); and defendant was not deprived of the choice of who would perform the independent test, contrast *People v Dicks*, 190 Mich App 694; 476 NW2d 500 (1991). Here, defendant had the opportunity, but he simply failed to pursue it when it was available.

The next issue is the reasonableness of the time between defendant's detention and his request for an independent test. As noted in the majority opinion, approximately three hours and forty-five minutes elapsed from the time defendant was first detained to the time he expressed an interest in an independent test. Without establishing a bright-line rule regarding what constitutes a reasonable period, I would hold that an interval of three hours and forty-five minutes is not reasonable. Cf. *People v Schwab*, 173 Mich App

101; 433 NW2d 824 (1988) (where a two-hour delay was held to be unreasonable).

In sum, defendant here waited approximately three hours and forty-five minutes to request an independent alcohol-content test by means of his phone call to his wife. He did not request an independent test when he was arrested, when he was tested by police, when he was booked into jail and notified of his rights, or when he sat in the cell for hours. The opportunity to request an independent test was, by all appearances, open to him, but he sat on his rights. The statutory purpose was met; its frustration came not from the sheriff's denial of an independent test, but by defendant's delay in requesting such a test.[1]

I would affirm the circuit court's decision, although for reasons other than those expressed by the circuit court.

---

[1] I am mindful of the potential difficulties of allowing individual police officers to make the initial determination whether a request for an independent test is timely. However, I need not address that concern here because of the unusually long delay by defendant in this case.