WEAVER, J.
oconcurring in part and dissenting in part). Defendant herein was arrested for operating a vehicle while intoxicated, a violation of MCL 257.625. At the arresting officer’s request, defendant agreed to take a chemical breath test. The prosecutor has conceded that defendant was denied a reasonable opportunity to have a second, independent chemical test by a person of his choosing.
Pursuant to this Court’s decision in People v Koval,[1] the Court of Appeals affirmed the trial court’s dismissal of charges against defendant on the basis that he had been denied his reasonable request for am independent test.
I concur with the result of the majority’s opinion overruling Koval and its progeny, reversing the Court of Appeals judgment, and remanding to the trial court to reinstate charges against defendant.
*465 However, I dissent and decline to join that portion of the majority’s opinion creating a remedy that when a defendant is unreasonably denied the opportunity for an independent test, the trial court may instruct the jury to that effect. Rather, now that Koval — with its judicially created extreme remedy of dismissal of drunk driving cases — has been overruled, I would leave it to the Legislature to consider whether it wishes to revise MCL 257.625a(6)(d) to supply a remedy for violation of that subsection. In doing so, the Legislature should consider whether any constitutional issues exist as it balances the interest of an accused defendant, who has been provided no remedy for the violation of the statutory right to an independent chemical test, with the public safety interest in keeping impaired drivers off the roads. This is a matter of public policy that the Legislature should decide because it has the ability, unlike this Court in deciding this case, to hold public hearings and to provide an opportunity for all those holding differing views and possessing information on the wisest course to share their views and information with the Legislature.
MCL 257.625a(6)(d) provides that a defendant who takes a police-administered chemical test “shall be given a reasonable opportunity” to have an independent test by a person selected by the defendant. However, the Legislature did not specify that any remedy was available when a defendant is unreasonably denied an opportunity for an independent test. Because this Court erred in Koval in supplying the extreme remedy of dismissal for a violation of subsection 6(d), this Court is correct in deciding to affirmatively overrule Koval.
It is appropriate under Robinson v Detroit,[2] to overrule Koval because Koval was wrongly decided, and *466 defies practical workability, and because reliance interests will not suffer undue hardship if Koval is overruled, and changes in the law or facts no longer justify the earlier decision. The 1963 version of the statute did not provide a remedy, but it had a mandatory requirement that the defendant be advised of his or her right to take an independent test. Because of these two factors, and because the defendant had already been convicted, the Koval Court apparently deemed that it had to supply a remedy and that the only available remedy was dismissal.
I note that while the Koval decision was rendered in the early 1960s during an era when society was not as vigilant about curtailing drinking and driving, our present-day perspective has changed remarkably. Recognizing that our Legislature has an interest in ensuring public safety by keeping impaired drivers off the roads, we must look to the language of the statute in order to discern, if possible, the legislative intent.
In determining such intent in this case, it is apparent that the Legislature was aware that it had the option of supplying some kind of remedy for a violation of subsection 6(d) because the Legislature supplied a remedy in another subsection of MCL 257.625a. Specifically, if a prosecutor fails to comply with subsection 8 of MCL 257.625a, the remedy available to a defendant for violation of that subsection is suppression of the results of the state-administered chemical test.[3] Had the Leg *467 islature intended a comparable remedy for a violation of subsection 6(d) — or even the more drastic remedy of dismissal — it could have so specified. Not only has the Legislature declined to provide a remedy for a violation of subsection 6(d), but in fact, the Legislature specified that “[t]he provisions of subsection (6) relating to chemical testing do not limit the introduction of any other admissible evidence . . . .”[4]
Given the absence of statutory language showing an intent by the Legislature to specify what remedy, if any, is to be imposed upon denial of this statutory right to a reasonable opportunity to obtain an independent test, and given the presence of statutory language showing an intent that a prosecutor can proceed on other nonchemical evidence, it was improper for this Court in Koval to rewrite the statute from the bench.
Now that Koval — with its judicially created extreme remedy of dismissal of drunk driving cases — has been overruled, the Legislature should consider whether it wishes to revise MCL 257.625a(6)(d) to supply a remedy for violation of that subsection. In doing so, the Legislature should consider whether any constitutional issues exist as it balances the interest of an accused defendant, who has been provided no remedy for the violation of the statutory right to an independent chemical test, with the public safety interest in keeping impaired drivers off the roads. This is a matter of public policy that the Legislature, not this Court, should decide because it has the ability, unlike this Court in deciding this case, to hold public hearings and to provide an opportunity for all those holding differing *468 views and possessing information on the wisest course to share their views and information with the Legislature.

 371 Mich 453; 124 NW2d 274 (1963).

 462 Mich 439, 464-465; 613 NW2d 307 (2000).

 MCL 257.625a(8) provides:
If a chemical test described in subsection (6) is administered, the test results shall be made available to the person charged or the person’s attorney upon written request to the prosecution, with a copy of the request filed with the court. The prosecution shall furnish the results at least 2 days before the day of the trial. The prosecution shall offer the test results as evidence in that *467 trial. Failure to fully comply with the request bars the admission of the results into evidence by the prosecution. [Emphasis added.]

 MCL 257.625a(7) (emphasis added).