PEOPLE v KRULIKOWSKI

1. CRIMINAL LAW—EVIDENCE—INTOXICATION—BREATH TEST—RELIA-BILITY.

Expert testimony is not necessary to demonstrate that the Breathalyzer method of breath analysis is generally accepted by the scientific community as a reliable test to determine the alcoholic content of blood.

2. CRIMINAL LAW—EVIDENCE—INTOXICATION—BREATH TEST—ADMISSIBILITY—PREREQUISITES FOR ADMISSION.

Prerequisites for admission into evidence of Breathalyzer test results include establishing the qualifications of the operator administering the test, the method or procedure followed in administering the test, that the test was performed within a reasonable time after the arrest, and the reliability of the testing device.

3. CRIMINAL LAW—EVIDENCE—INTOXICATION—BREATH TEST—ADMISSIBILITY—RELIABILITY.

Failure to adduce testimony regarding the reliability of a scientific apparatus precludes the admission of the test results from that apparatus into evidence, and does not go merely to the weight which the trier of fact may accord the test results.

Appeal from Midland, Gerald T. Graham, J. Submitted Division 3 January 15, 1975, at Grand Rapids. (Docket No. 19604.) Decided March 25, 1975.

Tomasz E. Krulikowski, Jr. was convicted of driving a motor vehicle under the influence of intoxicating liquor, third offense. Defendant appeals. Reversed and remanded for further proceedings.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 29 Am Jur 2d, Evidence § 830.
[2, 3] 31 Am Jur 2d, Expert and Opinion Evidence § 116.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *Robert J. Rhead,* Assistant Prosecuting Attorney, for the people.

*Wilson & Stone,* for defendant.

Before: ALLEN, P. J., and N. J. KAUFMAN and O'HARA,* JJ.

O'HARA, J. This is an appeal of right from defendant's circuit court conviction of driving a motor vehicle under the influence of intoxicating liquor, third offense.[1] MCLA 257.625; MSA 9.2325.

The defendant raises three assignments of error on appeal, only one of which is sufficiently meritorious to require decisional discussion in this opinion.

That issue pertains to whether the trial judge should have sustained defendant's objection as to the inadmissibility of Breathalyzer test results on the ground that there was no evidence that the particular instrument utilized in testing defendant was accurate. The argument is made that admissibility of any scientific test results is dependent on proof that the test was performed in a proper manner on a reliable instrument. Per *contra,* in the case at bar it is claimed that the prosecution only introduced testimony that the Breathalyzer operator followed a "checklist" of sorts without any foundational testimony as to what precisely was on that list. Hence, defendant concludes that the trial judge committed reversible error by admitting the Breathalyzer test results into evidence

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] In view of defendant's two prior convictions for what is commonly known as "drunken driving" the instant charge was cognizable as a felony in circuit court.

without a proper foundation as to the accuracy of the particular Breathalyzer instrument utilized in testing defendant's breath.

Needless to add, the people see the case as being cast in quite different terms than as postulated by defendant-appellant. Beginning with MCLA 257.625a; MSA 9.2325(1), the prosecutor notes that that enactment has determined that the alcoholic content of a defendant's blood at the time a chemical test is administered may be admissible as evidence that the accused was intoxicated at the time of the involved offense. Nowhere does the statute declare that there must be foundational testimony as to the general acceptance of the Breathalyzer nor that the instrument was in fact accurate. Such objections, to the extent they are valid at all, are adequately dealt with by testimony that the certified Breathalyzer operator followed the operational checklist relative to use of the machine. Beyond that it's purely a question as to the weight and credibility which the trier of fact accords to testimony relative to the test results. So say the people in response to the objections of defendant.

The operator of the Breathalyzer, a member of the Midland County sheriff's department, was certified by the Michigan Department of Public Health as being qualified to administer tests on the involved instrument. In his testimony the officer related that he had given defendant two Breathalyzer tests, pursuant to the standard checklist procedure for administering such tests. Defense counsel, at this point in the absence of the jury, argued against admitting into evidence the Breathalyzer test results, on the grounds that this testing procedure required expert testimony as to its validity, that there was no evidence that the

particular Breathalyzer instrument utilized in testing defendant was in fact accurate, and that there was no expert testimony which related the concentration of alcohol in defendant's blood at the time of the Breathalyzer test back to the concentration of alcohol in his blood at the time of his arrest. After initially stating that he would take the matter under advisement the trial judge decided to let the evidence in and make a further determination later.

Following the resumption of testimony the officer related that the two Breathalyzer tests both indicated the presence of .22% by weight of alcohol in defendant's blood. Despite the witness's testimony that he had carefully followed the checklist procedures in administering the Breathalyzer tests, and despite his identification of the written test results, the trial judge acquiesced in defense counsel's objection and denied the admission of these documents.[2]

It is the settled law in this state that expert testimony is not necessary to demonstrate that the Breathalyzer method of breath analysis is generally accepted as reliable by the scientific community. *People v Kozar,* 54 Mich App 503; 221 NW2d 170 (1974). However, this in no way obviates the state's responsibility to introduce foundation evidence indicating that the specific Breathalyzer instrument used in a particular test was in fact accurate, *i.e.,* was calibrated and/or maintained in such a manner as to render accurate and correct the results obtained by the use of that particular instrument.

In the recent case of *People v Kozar, supra,* this Court spoke in footnote 2 with respect to the

[2] We note that in *People v Kozar,* 54 Mich App 503, 505; 221 NW2d 170 (1974), Breathalyzer test forms were received in evidence.

"prerequisites" for admissibility of chemical tests to determine the alcoholic content of blood. It was there stated that:

"These prerequisites, not at issue in the case at bar, include establishing the qualifications of the operator administering the test, the method or procedure followed in administering the test, that the test was performed within a reasonable time after the arrest, *and the reliability of the testing device. Foundation testimony concerning these prerequisites must be introduced before the test results may be admitted into evidence.*" (Emphasis added.) 54 Mich App at 509, fn 2.

Further corroboration of this view may be found in *People v Kenney,* 354 Mich 191; 92 NW2d 335 (1958), in which the defendant was issued a traffic ticket after police officers determined his speed by use of a "speedwatch". While approving the admission into evidence of the speedwatch results, the court stated:

"It would seem that where, as in this case, it was shown by testimony that the instrument was properly set up, *was checked before using by the officers operating it, where it was shown that constant periodical checks were made by experts to determine whether or not the instrument was operating correctly,* and where the officer operating the instrument observed the speeding vehicle and testified as to his estimation of the vehicle's speed, that all of the rights of the defendant were protected, and that under these circumstances the court properly admitted the evidence." (Emphasis added.) 354 Mich at 196.

As indicated heretofore, testimony regarding the reliability of scientific apparatus is a *sine qua non* to the valid introduction of test results during trial. According to the last sentence in the quotation from *People v Kozar, supra,* a failure to

adduce such evidence precludes the *admission* of the test results into evidence, and does not go merely to the *weight* which the trier of fact may accord the test results. Thus in the absence of testimony as to the accuracy of the particular Breathalyzer testing instrument utilized in the present case, it is evident that the test results were improperly admitted.[3]

We further add a needed caveat. We would not be understood by our action in the instant case to place the trial bench in a judicial straitjacket with respect to the laying of a foundation as a condition precedent to the admission of evidence. The trial bench still possesses considerable discretion as to the adequacy of the foundation in any given case. Their determination as to this matter should not be lightly set aside.

For the reason herein specified the conviction is reversed and the case remanded for such further proceedings as may properly ensue.

---

[3] By our holding in this case we do not intend to dilute in the most minute degree the ultimate purpose of the "implied consent law", MCLA 257.625c; MSA 9.2325(3), which is to "prevent intoxicated persons from driving on the highways". *Collins v Secretary of State,* 384 Mich 656, 668; 187 NW2d 423 (1971). But in the pursuit of this salutory goal we are not free to disregard those basic rules which govern generally the admissibility of evidence.