PEOPLE v WILLIS

PEOPLE v COLLOPY

Docket Nos. 107906, 109369. Submitted June 13, 1989, at Grand Rapids. Decided September 5, 1989.

Gary Allen Willis was arrested for operating a motor vehicle while under the influence of intoxicating liquor in violation of an ordinance of the City of Kalamazoo. He was transported to the Western Michigan University Police Department, where he submitted to a Breathalyzer test that indicated a blood-alcohol level of 0.23 percent. A second test was not administered as blood was found on the mouthpiece of the test equipment. He was subsequently charged with OUIL in the 9th District Court. Willis moved for a dismissal of the charge, claiming that the police had not complied with administrative rules relating to the administration of Breathalyzer tests. The district court granted the motion. The Kalamazoo Circuit Court, John F. Foley, J., affirmed on appeal. The people sought and were granted leave to appeal in the Court of Appeals.

John Edward Collopy was arrested for operating a motor vehicle while under the influence of intoxicating liquor or while having a blood-alcohol level of 0.10 percent or greater in violation of the Michigan Vehicle Code. He was transported to the Howell Police Department, where two Breathalyzer tests indicated blood-alcohol levels of 0.12 percent and 0.16 percent. A third test was not administered. Collopy was charged in the 53rd District Court with OUIL, operating a motor vehicle while having a blood-alcohol level of 0.10 percent or greater, operating a motor vehicle while his license was revoked or suspended, and driving while visibly impaired. Collopy moved for a dismissal of the charges, claiming that the police had not complied with administrative rules relating to the administration of Breathalyzer tests. The district court denied the motion. The Livingston Circuit Court, Stanley J. Latreille, J., granted Col-

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 307, 375-377.

Necessity and sufficiency of proof that tests of blood alcohol concentration were conducted in conformance with prescribed methods. 96 ALR3d 745.

lopy leave to appeal, but affirmed the district court. Collopy sought and was granted leave to appeal in the Court of Appeals.

The Court of Appeals consolidated the cases and *held:*

When Breathalyzer tests are not administered in compliance with 1984 AACS, R 325.2655, evidence of the results of such tests is not to be admitted at trial.

1. In Willis' case, the Breathalyzer operator failed to administer a second test as required by the administrative rule.

2. In Collopy's case, the Breathalyzer operator failed to comply with the requirement of the administrative rule that mandates that a third test be administered whenever there is a significant variation between the first and second test results. Additionally, it is not clear from the record whether Collopy exercised his statutory right to demand an independent blood test and was refused such a test. If on remand to the district court it is determined that such right was violated, the district court can dismiss the charges against him.

*Willis,* reversed and remanded for further proceedings in the district court, which shall suppress the results of the Breathalyzer test.

*Collopy,* affirmed and remanded for further proceedings in the district court, which shall suppress the results of the Breathalyzer tests.

CRIMINAL LAW — OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR — EVIDENCE — BREATHALYZER TESTS — ADMINISTRATIVE RULES.

The results of Breathalyzer tests are not admissible in prosecutions for operating a motor vehicle while under the influence of intoxicating liquor or driving while visibly impaired where the tests were not administered in compliance with administrative rules promulgated by the Department of State Police relating to the administration of Breathalyzer tests (1984 AACS, R 325.2655).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert H. Cinabro,* City Attorney, and *Michael J. Miller,* Deputy City Attorney, for the people in Willis.

*Frederick J. Taylor,* for Gary Allen Willis.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *Thomas H. Hallin,* Prosecuting Attorney, and *David Batdorf-Barnes,* Assistant Prosecuting Attorney, for the people in Collopy.

*Jules N. Fiani,* for John Edward Collopy.

Before: HOLBROOK, JR., P.J., and SAWYER and GRIFFIN, JJ.

SAWYER, J. These cases present an issue of first impression: What remedy, if any, should be applied where Breathalyzer tests are not administered in compliance with the applicable administrative rules?

In Docket No. 107906, defendant Willis was arrested in the City of Kalamazoo and cited for operating a motor vehicle while under the influence of intoxicating liquor in violation of local ordinance § 36.129(b)(c). Upon his arrest, Willis was transported to the Western Michigan University Police Department where he submitted to a Breathalyzer test which reported his blood-alcohol content at 0.23 percent. A follow-up test was not given because, according to the test administrator, there appeared to be blood on the mouthpiece of the Breathalyzer. We do note, however, that it appears that Willis exercised his right to an independent blood test.

Willis moved to dismiss the charges against him because the police had failed to give him a second test. The district court granted the motion. Thereafter, the prosecutor appealed to circuit court, which affirmed the ruling of the district court. The people now appeal to this Court by leave granted.

In Docket No. 109369, defendant Collopy was arrested in Howell, Michigan, and charged with three violations of the Michigan Vehicle Code,

including operating a motor vehicle while under the influence of intoxicating liquor or while having a blood-alcohol content of 0.10 percent or more by weight. MCL 257.625; MSA 9.2325. He was also charged with operating a motor vehicle while his operator's license was suspended or revoked, MCL 257.904; MSA 9.2604, and with operating a vehicle while his ability to do so was visibly impaired due to the consumption of intoxicating liquor, MCL 257.625b; MSA 9.2325(2). Following his arrest, Collopy was taken to the police station and was requested to submit to two Breathalyzer tests. The first test reported his blood-alcohol content to be 0.12 percent and the second test reported it to be 0.16 percent. A third test was not administered.

Collopy filed a motion to dismiss the charges against him because a third Breathalyzer test was not given. The motion was denied by the district court. The circuit court then granted leave to appeal and affirmed the ruling of the district court. Defendant Collopy then sought leave to appeal to this Court. This Court granted leave and ordered that the matter be consolidated with Docket No. 107906 for argument and submission.

The sole issue presented for our consideration is what remedy, if any, should be applied where, as is the case here, Breathalyzer tests are not administered in compliance with 1984 AACS, R 325.2655. Specifically, that administrative rule requires the administration of at least two breath tests, with the second test confirming the results of the first. Where the variance between the first and second tests is greater than that permitted under the rule, a third test must be administered. If the results of the third breath test do not confirm either of the first two tests, the suspect must be asked to submit to a blood or urine test. The administrative rule was promulgated by the De-

partment of State Police under the authority granted by MCL 257.625g; MSA 9.2325(7).

For the reasons to be discussed below, we believe that the appropriate remedy in these cases is to preclude admission of the results of the tests administered, but not necessarily to preclude prosecution. We begin by noting that administrative rules adopted pursuant to statutory authority have the force and effect of law. *Mehrer v Dep't of Social Services,* 24 Mich App 453, 459; 180 NW2d 345 (1970). 1984 AACS, R 325.2655 requires, by its own terms, that breath alcohol tests be conducted in accordance with the procedures established by the rule. Accordingly, the individuals who administered the breath tests in the cases at bar were obligated to follow the rules and it is uncontested that they failed to do so.

While the exclusion of evidence is not necessarily the appropriate remedy for every violation of an administrative rule, we do believe it to be the appropriate remedy in the context of these cases. As this Court discussed in *People v Krulikowski,* 60 Mich App 28; 230 NW2d 290 (1975), it is not necessary to establish that the Breathalyzer method of breath analysis is generally accepted as reliable by the scientific community, but it remains necessary to establish that the specific administration of the Breathalyzer test in a particular case was done with accurate equipment while employing the proper procedure. *Id.* at 31-33. Moreover, establishing this foundation of accuracy is a prerequisite to admitting the results of the test. *Id.;* see also *People v Schwab,* 173 Mich App 101, 103; 433 NW2d 824 (1988). A reading of the administrative rules with respect to the administration of Breathalyzer tests indicates that their purpose is to ensure the accuracy of those tests. Accordingly, we hold that, where the administra-

tive rules concerning the administration of Breathalyzer tests have not been complied with, the accuracy of those tests is sufficiently questionable as to preclude the test results from being admitted into evidence.

In fact, the results of the tests in the instant cases are of questionable accuracy because of deviations from the administrative rules. With respect to defendant Collopy, he was administered two tests, the first which measured his blood-alcohol content at 0.12 percent and the second which measured it at 0.16 percent. Under the administrative rule, a variation of not more than 0.01 percent would be allowed. The variation was four times that permitted by the rule, thus drawing into question the accuracy of the Breathalyzer test administered to Collopy. With respect to defendant Willis, a second test was not administered because blood was found on the mouthpiece following the first test. Rule 325.2655(1)(e) requires that a person to whom the test is administered must be observed for fifteen minutes before the collection of the breath specimen during which time the person cannot smoke, regurgitate, or place anything in his or her mouth except the mouthpiece. Thus, not only was the accuracy of the test administered to Willis not confirmed by a second test, the accuracy of the one test administered is called into question due to the presence of blood in his mouth.

Defendants, however, argue that mere suppression of the results of the Breathalyzer tests is an insufficient remedy and that the charges against them should be dismissed. Specifically, both defendants argue that due process of law requires strict compliance by the police with the administrative rules. Defendant Collopy additionally argues that condoning noncompliance with the administrative rules would allow police officers to frustrate a

suspect's right to obtain probative, exculpatory evidence. Both urge us to conclude that the appropriate remedy is to require a dismissal of charges. We disagree.

We are unpersuaded that any due process considerations require us to establish a blanket rule that failure to comply with the administrative rules should result in a dismissal of charges. The argument that a suspect must not be frustrated in his ability to obtain exculpatory evidence has merit. However, we believe that those rights are adequately protected by the provisions of MCL 257.625a(5); MSA 9.2325(1)(5), which require that a suspect be advised of his right to an independent test to be administered by a person of his own choosing. Thus, the analysis is not whether the police complied with the administrative rules, but whether they complied with the statutory requirement of informing the suspect of his right to an independent test and whether they interfered with a suspect's attempts to obtain a test. We note that, in the cases at bar, defendant Willis did, in fact, exercise his right to obtain an independent test. As for defendant Collopy, although it is not clear to us from the record, there is some indication that he may have requested either the administration of a third Breathalyzer test by the police or an independent test and that that request was refused. In any event, that question can be resolved by the court on remand. If defendant Collopy's so-called chemical rights under the statute were violated, then the court can dismiss the charges against him. See *People v Underwood,* 153 Mich App 598; 396 NW2d 443 (1986).

For these reasons, we believe that suppression of the results of the improperly administered Breathalyzer tests is a sufficient remedy. To the extent that the police procedures employed in a particu-

lar case actually interfere with a suspect's right to obtain an independent test, the defendant may seek relief for such interference.

Since the appropriate remedy is suppression of the evidence, rather than a dismissal of the charges, the prosecutor can proceed with any charge which is not dependent upon the use of the Breathalyzer test. Thus, unless the ordinance under which defendant Willis was charged requires the city attorney to establish the defendant's blood-alcohol content, a prosecution against defendant Willis could continue without use of the Breathalyzer evidence. As for defendant Collopy, the prosecutions for driving under the influence of intoxicating liquor, operating a motor vehicle while the operator's license was suspended or revoked, and driving while his ability to do so was visibly impaired due to intoxicating liquor, may proceed without use of Breathalyzer evidence. However, defendant Collopy cannot, of course, be prosecuted for driving while having an unauthorized blood-alcohol level. Of course, in both instances, the prosecutors will have to decide whether there exists sufficient evidence without the Breathalyzer results to present a viable case which warrants continued prosecution.

In Docket No. 107906, the decision of the circuit court affirming the district court's grant of defendant Willis' motion to dismiss the charges is reversed. However, the district court is instructed on remand to suppress the results of the Breathalyzer test. In Docket No. 109369, the decision of the circuit court affirming the district court's denial of defendant Collopy's motion to dismiss the charges is affirmed, but the district court is instructed on remand to suppress the results of the Breathalyzer tests. Additionally, our decision is without preju-

dice to defendant Collopy's raising any challenge relative to a violation of his right to obtain an independent test. Both matters are remanded to the respective trial courts for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.