PEOPLE v TIPOLT

Docket No. 145290. Submitted December 12, 1992, at Detroit. Decided
    January 19, 1993, at 9:40 A.M. Leave to appeal sought.

    Bryan D. Tipolt was charged in the 52-1 District Court with
    operating a motor vehicle while under the influence of intoxi-
    cating liquor, operating a vehicle while having a blood alcohol
    content of 0.1 percent or more, and operating a motor vehicle
    while under the influence of intoxicating liquor, second offense.
    He moved to suppress the results of a Breathalyzer test given
    to him on the day the alleged violations occurred, January 6,
    1991, noting that the Breathalyzer machine had been inspected
    by a class IV operator on December 26, 1990; that weekly tests
    had been performed on the machine by a class II operator
    between December 26, 1990, and April 7, 1991; and that the
    machine was taken out of service because of its age on April 7,
    1991. He alleged that a failure to comply with 1984 AACS, R
    325.2653(3), which requires inspection by a class IV operator
    within 120 days of the previous inspection, required suppres-
    sion of the evidence. The court, Brian W. MacKenzie, J.,
    granted the motion and dismissed the charge of having an
    unlawful blood alcohol level. The people appealed by leave
    granted.

        The Court of Appeals held:

        The administrative rule's requirement of an inspection to
    verify the accuracy of the test instruments within 120 days of
    the previous inspection applies only while the instruments are
    in service. Retiring an instrument because of its age without
    conducting an inspection by a class IV operator does not invali-
    date test results obtained within 120 days of the previous
    inspection by a class IV operator.

        Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, *Michael J. Modelski,* Chief, Ap-
pellate Division, and *John S. Pallas,* Assistant
Prosecuting Attorney, for the people.

*Leo J. Foley,* for the defendant.

Before: CAVANAGH, P.J., and MacKENZIE and GRIFFIN, JJ.

CAVANAGH, P.J. The people appeal by leave granted from a district court order that suppressed the results of a Breathalyzer test given to the defendant. Defendant was charged with driving while under the influence of intoxicating liquor, MCL 257.625(1); MSA 9.2325(1), operating a vehicle while having a blood alcohol content of 0.10 percent or more, MCL 257.625(2); MSA 9.2325(2), and driving while under the influence of intoxicating liquor, second offense, MCL 257.625(5); MSA 9.2325(5). We reverse.

Defendant was arrested in White Lake Township on January 6, 1991. At trial, the arresting officer testified that he was a certified Breathalyzer operator, that a class IV operator had checked the machine on December 26, 1990, that weekly tests had been performed on the Breathalyzer by a class II operator between December 26, 1990, and April 7, 1991, and that the machine was taken out of service because of its age on April 7, 1991.

Defendant moved for the suppression of the Breathalyzer test results because of an alleged failure by the police to comply with administrative rule 1984 AACS, R 325.2653(3). That administrative rule requires the inspection by a class IV operator of breath alcohol test instruments for accuracy "within 120 days of the previous inspection." According to the defendant, the administrative rule was violated when the Breathalyzer was taken out of service on April 7, 1991, because it was not inspected by a class IV operator within 120 days of its last inspection date, December 26, 1990.

The district court granted defendant's motion to suppress, and this appeal followed.

In order for the results of chemical tests of blood alcohol to be admitted into evidence, the proponent of such tests must meet four foundational requirements. First, it must be shown that the operator was qualified. Second, the proper method or procedure must be demonstrated as having been followed in the tests. Third, the tests must have been performed within a reasonable time after the arrest. Finally, the testing device must be shown to be reliable. *People v Kozar,* 54 Mich App 503, 509, n 2; 221 NW2d 170 (1974).

A reading of the administrative rules with respect to the administration of Breathalyzer tests indicates that their purpose is to ensure the accuracy of those tests. *People v Willis,* 180 Mich App 31, 35; 446 NW2d 562 (1989). Failure to meet any of the foundational requirements will preclude the use of the test results. *People v Krulikowski,* 60 Mich App 28, 32-33; 230 NW2d 290 (1975). Although the exclusion of evidence is not necessarily the appropriate remedy for every violation of an administrative rule, when the administrative rules concerning the administration of Breathalyzer tests have not been complied with, the accuracy of those tests is sufficiently questionable so as to preclude the test results from being admitted into evidence. *Willis, supra* at 35-36.

In construing administrative rules, courts apply principles of statutory construction. *General Motors Corp v Bureau of Safety & Regulation,* 133 Mich App 284; 349 NW2d 157 (1984). The primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature. *People v Einset,* 158 Mich App 608, 611; 405 NW2d 123 (1987).

Rule 325.2653 provides the following:

Rule 3. (1) An evidential breath alcohol test instrument shall be verified for accuracy at least once during each calendar week, or more frequently as the department may require, by a class II or class III operator. . . .

(2) A preliminary breath alcohol test instrument shall be verified for accuracy at least monthly, or more frequently as the department may require, by a class III or class IV operator. . . .

(3) Approved evidential breath alcohol test instruments shall be inspected, verified for accuracy, and certified as to their proper working order by a certified class IV operator within 120 days of the previous inspection.

In our opinion, the language of the administrative rule that requires an inspection "within 120 days of the previous inspection" imposes an obligation on the part of law enforcement to verify the accuracy of test instruments while the instruments are in service. To agree with the trial court would lead to absurd and unjust results because all the tests conducted with that instrument since December 26, 1990, could be challenged without a showing of inaccuracy. The weekly and monthly testing that is required on the instruments would be pointless if a single test at the end of a 120-day period rendered all the previous "accurate" test results irrelevant. These concerns are particularly significant in a case such as this where the machine used to test the defendant had been verified for accuracy less than two weeks before being used on the defendant and had been tested weekly for a couple of months thereafter. For these reasons, we are convinced that the requirements found in Rule 325.2653 need only be complied with as long as the test instruments are in service.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.