PEOPLE v TOMKO

Docket No: 135592. Submitted April 14, 1993, at Detroit. Decided
    December 6, 1993, at 9:55 A.M.

  John L. Tomko, charged in the 36th District Court with operating
    a motor vehicle while under the influence of liquor and operat-
    ing a motor vehicle while having a blood alcohol level of 0.10
    percent or greater, moved for suppression of evidence of the
    results of the single Breathalyzer test administered to him and
    for dismissal of the charge based on blood alcohol level. The
    court, Vesta Svenson, J., denied the motions, rejecting the
    defendant's contention that a second Breathalyzer test is man-
    datory. The Detroit Recorder's Court, David P. Kerwin, J.,
    affirmed on appeal. The defendant appealed by leave granted.

  The Court of Appeals held:

  1988 AACS, R 325.2655(1)(f), promulgated pursuant to MCL
    257.625g; MSA 9.2325(7), now MCL 257.625a(6)(g); MSA
    9.2325(1)(6)(g), provides that a "second breath alcohol analysis
    may be administered, except when the person refuses to give
    the second sample." It is clear from the rule that it is the
    person being tested who decides whether there should be a
    second test and that, like in this case, the results of a single
    test are admissible if the person is offered a second test.

  Affirmed.

CRIMINAL LAW — OPERATING A MOTOR VEHICLE WHILE HAVING AN
    UNLAWFUL BLOOD ALCOHOL LEVEL — BREATHALYZER TESTS.

  Whether the results of a Breathalyzer test should be confirmed
    by a second such test is to be decided by the person to whom
    the test is administered; evidence of the results of a single
    Breathalyzer test is admissible in a prosecution for operating a
    motor vehicle while having an unlawful blood alcohol level if
    the person was offered a second test (MCL 257.625[2]; MSA
    9.2325[2]; 1988 AACS, R 325.2655[1][f]).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES
Am Jur 2d, Automobiles and Highway Traffic §§ 307, 377.
See ALR Index under Breath Tests.

*Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *John P. Puleo,* Assistant Prosecuting Attorney, for the people.

*Welch, MacAlpine, Bahorski, Beiglecki & Farrell, P.C.* (by *Thomas J. Tomko*), for the defendant.

Before: Wahls, P.J., and MacKenzie and Taylor, JJ.

Taylor, J. In this drunken driving case, defendant appeals by leave granted the Recorder's Court's affirmance of the district court's denial of defense motions for suppression of evidence and dismissal of the charge. Defendant challenges the Breathalyzer procedures used and the prosecutor's conduct with regard to discovery. We affirm.

Defendant was arrested shortly before midnight on April 3, 1990, after a portable sobriety test showed his blood alcohol level to be 0.131 percent. After he was transported to the state police post, a Breathalyzer test administered at 12:45 A.M. showed that defendant's blood alcohol level was 0.120 percent. He was charged with operating a motor vehicle while under the influence of liquor (OUIL), MCL 257.625(1); MSA 9.2325(1), and having an unlawful blood alcohol level (UBAL), MCL 257.625(2); MSA 9.2325(2).

Defendant moved in the district court for suppression of the results of the Breathalyzer test (and thus for dismissal of the UBAL charge) on the ground that only one test had been administered, contending that two such tests were required under the State Police administrative rules, 1988 AACS, R 325.2655(f). He also moved for dismissal on the ground that the prosecutor had failed to

comply with various rules of discovery. However, the district court was not persuaded by these arguments and it denied the motions.

At the evidentiary hearing held in the district court, Trooper Charles Kovacs testified that he offered defendant a second Breathalyzer test, but defendant said he would prefer not to take it; that he wouldn't take it if he didn't have to. Defendant testified that he was offered but not urged to take a second test.

The district court concluded that the administration of a second test was not mandated by the amended 1988 administrative rules governing Breathalyzer tests, and that there was no statutory support for defendant's suggestion that the trooper had an affirmative duty to urge defendant to take a second test. The district court denied the motion to suppress, emphasizing that, although defendant's refusal of the second test was equivocal, it was clear that a second test had been offered him. On appeal, the Recorder's Court affirmed the order denying defendant's motion to suppress based on the issue concerning a second Breathalyzer test. We conclude that the motion to suppress the results of the Breathalyzer test was properly denied.

MCL 257.625a; MSA 9.2325(1)[1] provides for testing to determine the amount of alcohol in a person's blood, urine, or breath. Section 625g (now § 625a[5][g]), provides that the Department of State Police may promulgate uniform rules for administering the chemical tests. The pertinent administrative rule, 1988 AACS, R 325.2655(1)(f), was amended in 1988 to read in part:

A second breath alcohol analysis may be admin-

---

[1] Although this statute has been amended, this subsection was not renumbered.

istered, except when the person refuses to give the second sample. Obtaining the first sample is sufficient to meet the requirements for evidentiary purposes prescribed in the implied consent statute, being § 257.625c of Act No. 300 of the Public Acts of 1949 [subsequently amended and renumbered], as amended. The purpose of obtaining a second sample is to confirm the result of the first sample.

This Court has previously held that Breathalyzer test results should be suppressed where a second Breathalyzer test required by administrative rule is not administered. *People v Willis,* 180 Mich App 31; 446 NW2d 562 (1989). However, *Willis* concerned violations of the version of the administrative rule that preceded the 1988 amendment. For the following reasons, we conclude that *Willis* does not control cases falling under the provisions of the administrative rule as it was amended in 1988.

We apply the usual rules of statutory construction to administrative rules. *People v Tipolt,* 198 Mich App 44, 46; 497 NW2d 198 (1993). One such rule is that a change in the wording is presumed to reflect a change in the meaning. *In re Childress Trust,* 194 Mich App 319, 326; 486 NW2d 141 (1992). Before the amendment at issue, the rule provided that "[a] second breath alcohol analysis *shall* be administered." The change from "shall" to "may" supports the conclusion that the use of the word "may" denotes discretionary activity. *Childress, supra; People v Kelly,* 186 Mich App 524, 529; 465 NW2d 569 (1990).

Accordingly, we hold that the admissibility of Breathalyzer test results under § 625a(1) (now § 625a[6][d]) does not hinge on the administration of a second test as long as the subject was offered a second test. As the administrative rule indicates, the purpose of administering a second test is sim-

ply to confirm the result of the first sample, a confirmation that is at least as likely to be in the best interest of the subject taking the test as it is in the interest of the police or the public. *People v Dicks,* 190 Mich App 694, 698-699; 476 NW2d 500 (1991). If a subject prefers not to take a second test, it need not be administered, and we see nothing in the language of either the statute or the administrative rule that creates a duty on the part of the police to urge the subject to take a second test.

However, we decline to extend this reasoning so far as to say that a second test need not be administered if the *police* simply prefer not to administer it. The first sentence of the rule anticipates that it is the person being tested who has the power to decide whether a second test will be taken, not that the police have the power to decide whether it will be administered. To hold otherwise would render the phrase "except when the person refuses to give the second sample" nugatory, a construction that is to be avoided. *Altman v Meridian Twp,* 439 Mich 623, 635; 487 NW2d 155 (1992). Further, read in the context of the drunken driving statute, our construction of the administrative rule produces an harmonious whole and avoids absurd or unreasonable consequences. *People v Weatherford,* 193 Mich App 115; 483 NW2d 924 (1992); *People v Downey,* 183 Mich App 405, 409; 454 NW2d 235 (1990).

Defendant also contends that the lower court orders should be reversed and this case dismissed because of due process violations occasioned by the prosecutor denying him access to police personnel for the purpose of conducting recorded interviews. In support of this proposition, defendant cites *In re Bay Prosecutor,* 109 Mich App 476; 311 NW2d 399 (1981). Specifically, defendant points to his unsuc-

cessful motions in the district court to compel discovery and interviews and argues that he sought ex parte an order to show cause why those motions[2] should not be granted, as *Bay Prosecutor* required.

On April 6, the date scheduled for arraignment and before any written request for discovery was filed, defense counsel requested discovery. However, the judge would not sign an order without the consent of the prosecutor, who was not present. Approximately one week later, on April 10, 1990, a show-cause hearing was held at which counsel sought an ex parte order compelling recorded interviews of police officials because the prosecution would not agree to those interviews being conducted. Although the judge denied the ex parte motion, he directed defense counsel to go ahead and move for discovery. Three days later on April 13, the defense filed its discovery demand, as well as a motion to compel recorded interviews of police and prosecuting officials.[3] The hearing on these motions was not held until May 31, 1990, and the motion to compel was denied after the judge noted that the defense would have the opportunity to examine various police witnesses at the evidentiary hearing at which Trooper Kovacs, among others, testified. Other discovery material unrelated to this appeal was the subject of a stipulation and order allowing discovery entered in June 1990.

We note that the memorandum of law in support of the defense motion to compel indicates that

[2] These motions were made shortly after arraignment when the prosecution refused to accede to defense discovery requests.

[3] Given the state of the record, we are unable to determine whether the motion and demand filed on April 13 were the basis for the April 10 show-cause hearing and were for some reason filed after the hearing, or whether the documents filed on April 13 were a new, separate effort at obtaining the desired discovery.

an order to compel was necessary in order to obtain field and Breathalyzer test results, which counsel believed had not been recorded, before the police forgot what the results were. However, in view of documents the defense itself has submitted to this Court, it appears that the results of those tests were in fact recorded. Defendant has failed to show specific facts indicating that the recorded interviews were necessary to the preparation of his defense. *People v Maranian,* 359 Mich 361, 368; 102 NW2d 568 (1960); *People v Baskin,* 145 Mich App 526, 537-538; 378 NW2d 535 (1985). We note that the defense had the opportunity to question various witnesses at a pretrial evidentiary hearing. If, after examining those witnesses, defendant believed that other information was needed, it was up to him to demonstrate the need for more discovery. *People v Freeman (After Remand),* 406 Mich 514, 516; 280 NW2d 446 (1979). Under these circumstances, we cannot say that the district court's denial of the motion to compel was an abuse of discretion. *People v Wimberly,* 384 Mich 62, 69; 179 NW2d 623 (1970); *People v Johnson,* 168 Mich App 581, 584; 425 NW2d 187 (1988).

However, we are troubled by the fact that the police refused service of subpoenas to appear for deposition. The proper procedure is to challenge subpoenas pursuant to MCR 2.506(H)(1), rather than to risk contempt under MCR 2.506(E). Contrary to the prosecution's contention, nothing in the statute precludes the taking of a deposition *de bene esse* in a criminal case under some circumstances. MCL 767.79; MSA 28.1019,[4] MCL 768.26;

---

[4] MCL 767.79; MSA 28.1019 provides:

> After an indictment shall be found against any defendant, he may have witnesses examined in his behalf conditionally on the order of a judge of the court in which the indictment is

MSA 28.1049.[5]
Affirmed.

---

pending, in the same cases upon the like notice to the prosecuting attorney, and with like effect in all respects as in civil suits.

[5] MCL 768.26; MSA 28.1049 provides:

Testimony taken at an examination, preliminary hearing, or at a former trial of the case or taken by deposition at the instance of the defendant, may be used by the prosecution whenever the witness giving such testimony can not, for any reason, be produced at the trial, or whenever the witness has, since giving such testimony[,] become insane or otherwise mentally incapacitated to testify.