PEOPLE v HURN

Docket No. 158456. Submitted February 1, 1994, at Detroit. Decided April 20, 1994; approved for publication June 9, 1994, at 9:00 A.M.

John Hurn was charged in the 47th District Court with operating a motor vehicle while under the influence of liquor, second offense. The court, Fred L. Harris, J., dismissed the charge, ruling that at the time of the offense the Department of State Police was not in compliance with § 625a(3)(g) of 1991 PA 95, MCL 257.625a(3)(g); MSA 9.2325(1)(3)(g), now MCL 257.625a(6) (g); MSA 9.2325(1)(6)(g), which required the State Police to promulgate uniform rules for the administration of chemical blood tests. The Oakland Circuit Court, Barry L. Howard, J., denied the prosecution's delayed application for leave to appeal, ruling that the seventy-seven-day time limit for adjudication set forth in MCL 257.625a(2); MSA 9.2325(2)(2) had expired. The prosecution appealed by leave granted.

The Court of Appeals *held:*

1. The district court erred in dismissing the charge as a sanction for the failure of the State Police to promulgate rules following the enactment of 1991 PA 95. There is no indication that the Legislature intended such a result, particularly considering the absence of a time limit for promulgation, the existence of previously promulgated rules, and the purpose of the amendments enacted with 1991 PA 95.

2. The circuit court abused its discretion in denying the prosecution's delayed application for leave to appeal. MCL 257.625b(2); MSA 9.2325(2)(2) provides an exception to the seventy-seven-day rule when delay is attributable to the unavailability of the defendant. The defendant in this case had been hospitalized from the time of arrest, and the adjudication of the charge against him, i.e., the dismissal of the charge, occurred within seventy-seven days of his release from the hospital.

Reversed and remanded to the district court.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Pros-

ecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Anica Letica,* Assistant Prosecuting Attorney, for the people.

*Allen C. Ingle,* for the defendant.

Before: Wahls, P.J., and Reilly and R. M. Daniels,* JJ.

Per Curiam. The people appeal by leave granted the district court order dismissing the charge against defendant of operating a motor vehicle while under the influence of liquor (ouil), second offense, MCL 257.625(6)(b); MSA 9.2325(6)(b), and the circuit court order denying the people's delayed application for leave to appeal the dismissal. The district court dismissed the charge on the basis of the failure of the Department of State Police to promulgate rules as required by § 625a(3)(g) of 1991 PA 95, MCL 257.625a(3)(g); MSA 9.2325(1)(3)(g), now MCL 257.625a(6)(g); MSA 9.2325(1)(6)(g). We reverse.

The people first argue that the district court erred in dismissing the charge against defendant. We agree.

On May 8, 1992, defendant was arrested for ouil, second offense, MCL 257.625(6)(b); MSA 9.2325(6)(b). He consented to the withdrawal of a blood sample. Defendant moved to dismiss the charge on the basis of the failure of the State Police to promulgate uniform rules for the administration of chemical blood tests as mandated by § 625a(3)(g) of 1991 PA 95.[1]

1991 PA 95 was filed with the Secretary of State on July 31, 1991, with an effective date of January

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] That subsection stated: "The department of state police shall promulgate uniform rules for the administration of chemical tests for the purposes of this section."

1, 1992. On May 15, 1992, one week after defendant's arrest, the State Police promulgated emergency rules pertaining to the testing of blood and urine for alcohol.[2] In granting the defendant's motion for dismissal, the district court stated:

> The Court finds no savings clause in the new law that says that the existing rules would remain in effect until such time as the state police adopted new rules to supersede the former rules.

Dismissal of an OUIL charge is an appropriate remedy when a defendant is deprived of an opportunity to obtain exculpatory evidence by an independent test. *People v Koval,* 371 Mich 453; 124 NW2d 274 (1963); *People v Underwood,* 153 Mich App 598; 396 NW2d 443 (1986); *People v Burton,* 13 Mich App 203; 163 NW2d 823 (1968). However, where there is a violation of an administrative rule that does not implicate a defendant's right to an independent test, this Court has held that dismissal is not an appropriate remedy. See *People v Willis,* 180 Mich App 31, 35-38; 446 NW2d 562 (1989); *People v Dicks,* 190 Mich App 694; 476 NW2d 500 (1991). A violation of the administrative rules does not necessarily require exclusion of the evidence, although exclusion is the appropriate remedy when the violation suggests that the test results may not be accurate. *Willis, supra.*

In this case, there is no suggestion in the record that the police interfered with defendant's right to obtain an independent test or that the police violated any administrative rule, even those pro-

[2] These rules became effective for a period of six months, and were continued in effect for an additional six months on November 15, 1992. On April 19, 1993, the State Police promulgated 1993 MR 4, R 325.2671 *et seq.,* which were virtually identical to the emergency rules.

mulgated after defendant's arrest. Rather, the district court appears to have dismissed the charge as a sanction for the failure of the State Police to promulgate rules following the enactment of 1991 PA 95. We find no authority to support the dismissal of the charge under these circumstances. There is no indication that the Legislature intended such a result, particularly considering the absence of a time limit for promulgation,[3] the existence of previously promulgated rules, 1988 AACS, R 325.2651 *et seq.*,[4] and the purpose of enacting the amendments. Our observation in *People v Smith,* 200 Mich App 237, 241; 504 NW2d 21 (1993), merits repeating here. "[W]e consider it curious that the lower courts have construed statutory amendments to the drunk driving laws, which were designed to make the workings of the criminal justice system more swift and sure and to increase the penalties for such conduct, into an additional, technical defense for accused drunk drivers."

To the extent that the district court dismissed the charge because of its belief that there were no administrative rules governing the chemical testing, such a determination was also erroneous. Before the enactment of 1991 PA 95, MCL 257.625g; MSA 9.2325(7) stated: "The department of state police may promulgate uniform rules for the administration of chemical tests for the purposes of this act." 1988 AACS, R 325.2651 *et seq.* were promulgated pursuant to that authority. There is no indication that the Legislature intended to nullify the existing rules when it passed 1991 PA 95. Had the Legislature repealed rather than simply amended the prior provisions, the

---

[3] Compare MCL 259.190; MSA 10.290 and MCL 470.208; MSA 22.1262(8).

[4] Now 1992 AACS, R 325.2651 *et seq.*

administrative rules would have remained effective pursuant to MCL 24.231; MSA 3.560(131).

The people next argue that the circuit court abused its discretion when it denied the people's delayed application for leave to appeal. The circuit court denied the application on the basis of its belief that the seventy-seven-day time limit for adjudication set forth in MCL 257.625b(2); MSA 9.2325(2)(2) had expired.

MCL 257.625b(2); MSA 9.2325(2)(2) provides an exception to the seventy-seven-day rule when the delay is "attributable to the unavailability of the defendant." In this case, defendant was unavailable because of his hospitalization from the day of the arrest until his release on June 9, 1992. Seventy-seven days from defendant's release was August 25, 1992. Therefore, the adjudication, in this case the district court dismissal on August 4, 1992, occurred within the seventy-seven-day period. The circuit court's denial of the people's delayed application for leave to appeal on the basis of the seventy-seven day rule was an abuse of discretion.

We reverse the circuit court's order denying leave to appeal and the district court's order dismissing the charge against defendant.

Reversed and remanded to the district court.