PEOPLE v BOUGHNER

Docket No. 172589. Submitted January 10, 1995, at Grand Rapids.
Decided March 20, 1995, at 9:45 A.M.

Douglas E. Boughner pleaded guilty in the Presque Isle Circuit
Court, Joseph P. Swallow, J., of operating a motor vehicle while
having an unlawful blood alcohol level (third offense) and
driving with a suspended license. He appealed, claiming that
the trial court erred in denying his motion to suppress evidence
of Breathalyzer tests administered to him.

The Court of Appeals held:

1992 AACS, R 325.2655(1)(e), whose purpose is to ensure the
accuracy of Breathalyzer tests, requires that a test subject be
observed by the Breathalyzer operator for fifteen minutes be-
fore the test is administered to prevent the subject from smok-
ing, regurgitating, or placing anything in his mouth, except for
the mouthpiece used in the test. In this case, the requirement
was not met even though the defendant was videotaped for
thirty-five minutes before his test. The Breathalyzer operator
was not at the police station until eight minutes before the test,
the operator did not continuously observe the defendant for
those eight minutes, the view of the defendant on the videotape
was obstructed several times, and the defendant appeared to
put a hand in his mouth. The accuracy of the defendant's test
is sufficiently questionable to preclude admission of the results
of the test into evidence.

Conviction of operating a motor vehicle while having an
unlawful blood alcohol level vacated; case remanded for further
proceedings.

GRIFFIN, J., dissenting, stated that the deviation from the
administrative rule was harmless error because the accuracy of
the test was not adversely affected by the videotape procedure
employed in this case. The conviction of operating a motor

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 305-307, 375, 377;
Evidence §§ 1021, 1022.
Necessity and sufficiency of proof that tests of blood alcohol concen-
tration were conducted in conformance with prescribed methods.
96 ALR3d 745.

vehicle while having an unlawful blood alcohol level should be affirmed.

CRIMINAL LAW — OPERATING A MOTOR VEHICLE WHILE HAVING AN UNLAWFUL BLOOD ALCOHOL LEVEL — BREATHALYZER TESTS — ADMINISTRATIVE RULES.

The results of a Breathalyzer test are not admissible in a prosecution for operating a motor vehicle while having an unlawful blood alcohol level where the test was not administered in compliance with administrative rules governing Breathalyzer test procedures (1992 AACS, R 325.2655, MCL 257.625[6][d]; MSA 9.2325[6][d]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald J. McLennan,* Prosecuting Attorney, and *Carole F. Barnett,* Assistant Attorney General, for the people.

*Gerald R. Gray, Jr.,* for the defendant on appeal.

Before: MACKENZIE, P.J., and GRIFFIN and NEFF, JJ.

NEFF, J. Defendant pleaded guilty of operating a motor vehicle while having an unlawful blood alcohol level (UBAL), third offense, MCL 257.625(6) (d); MSA 9.2325(6)(d), and driving with a suspended license, MCL 257.904; MSA 9.2604, under the condition that he be allowed to bring the present appeal concerning the validity of his Breathalyzer test. Defendant appeals as of right and we vacate defendant's UBAL conviction only.

Defendant correctly states the law in Michigan regarding the procedures for administering Breathalyzer tests. The purpose of the administrative rules with respect to administering Breathalyzer tests is to ensure the accuracy of those tests. *People v Tipolt,* 198 Mich App 44, 46; 497 NW2d 198 (1993). Failure to meet the foundational requirements will preclude the use of the test results. *Id.* When the rules regarding Breathalyzer

tests have not been complied with, the accuracy of those tests is considered sufficiently questionable so as to preclude the test results from being admitted into evidence. *Id.* The mere fact that this evidence is precluded, however, does not require the dismissal of defendant's case. *People v Willis,* 180 Mich App 31, 37-38; 446 NW2d 562 (1989). Unless the ordinance under which defendant is charged requires defendant's blood alcohol content to be established, the prosecution against defendant may continue without the Breathalyzer evidence. *Id.* at 38.

The administrative rule in question in this case requires that the defendant be observed *by the operator* for fifteen minutes before the Breathalyzer test is administered, in order to prevent the defendant from smoking, regurgitating, or placing anything in the defendant's mouth, except for the mouthpiece used in the test. 1992 AACS, R 325.2655(1)(e).

Defendant was videotaped for approximately thirty-five minutes before the test was administered. We have reviewed the videotape, and find that the operator of the test arrived at the police station where defendant was being held no more than eight minutes before the test was administered. The videotape also demonstrates that the operator did not continuously observe defendant for those eight minutes.

Further, although the video camera was aimed at defendant's location for the thirty-five minutes before the test, the view of defendant was often briefly obstructed as people moved across the room and in front of the video camera. Additionally, at 3:35 A.M., approximately five minutes before the first test, the view of defendant was obstructed for approximately three to five seconds when an officer stood at a desk next to defendant. We are

unable to determine what defendant was doing during that time period.

Further, throughout the thirty-five minutes before the test was administered, defendant's hand was either on his face, or in or on his mouth. Although it appears that defendant put his fingers in his mouth, it is impossible to tell from the videotape whether defendant placed something else in his mouth at these times.

As a result of the questions arising from a review of the videotape, we conclude that the administrative rule in question was not complied with, and that defendant's UBAL conviction must be vacated.

Defendant's UBAL conviction is vacated and this case is remanded to the circuit court for further proceedings. We do not retain jurisdiction.

MACKENZIE, P.J., concurred.

GRIFFIN, J. *(dissenting)*. I respectfully dissent. The administrative rules promulgated with respect to the administration of Breathalyzer tests should be construed in a reasonable manner in order to avoid absurd and unjust results. *People v Tipolt,* 198 Mich App 44, 47; 497 NW2d 198 (1993). See also *People v Tomko,* 202 Mich App 673, 675-677; 509 NW2d 868 (1993). Further, "the exclusion of evidence is not necessarily the appropriate remedy for every violation of an administrative rule." *People v Willis,* 180 Mich App 31, 35; 446 NW2d 562 (1989). If, however, the administrative rule violation affects the accuracy of the Breathalyzer test, the results of the test should be excluded. *Id.* at 35-36.

In the present case, the Presque Isle County Sheriff's Department videotaped defendant upon his arrival at the county jail at 3:05 A.M. Until the

.administration of the first Breathalyzer test at 3:40 A.M., defendant sat on a chair in full view of the video camera. Except for very brief periods, either the arresting officer or the booking officer was personally present with defendant from 3:05 A.M. until the arrival of the Breathalyzer officer at 3:32 A.M. A review of the videotape conclusively demonstrates that for more than a fifteen-minute period before the first Breathalyzer test, defendant did not smoke, regurgitate, or place anything in his mouth except for the mouthpiece associated with the performance of the test. 1992 AACS, R 325.2655(1)(e).

The videotape in this case is more accurate than human memory. It is more than twice the time duration that is required by the rule. While the observation occurred through the eye of a camera instead of in person by the operator, the technical violation at issue does not affect the accuracy of the test. On the contrary, the accuracy of the Breathalyzer test is bolstered, not diminished, by the videotape.

In my view, the circuit court was correct in admitting the evidence and in following the precedent set by the Alaska Supreme Court in *Webster v State,* 528 P2d 1179 (Alas, 1974), cert den 423 US 836 (1975). The accuracy concerns addressed by the administrative rule were clearly satisfied by the thirty-five minute observation videotape. Under the circumstances of the present case, the deviation from strict compliance with the administrative rule was harmless error. *People v Hall,* 435 Mich 599, 609, n 8; 460 NW2d 520 (1990); *People v Mosko,* 441 Mich 496, 502-503; 495 NW2d 534

(1992); MCL 769.26; MSA 28.1096;[1] MCR 2.613(A).[2]
I would affirm.

No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.