PEOPLE v WUJKOWSKI

Docket No. 202060. Submitted March 18, 1998, at Lansing. Decided June 5, 1998, at 9:05 A.M.

Thomas E. Wujkowski pleaded guilty in the 76th District Court, William R. Rush, J., of impaired driving and possession of marijuana. The plea was conditioned on his right to appeal from the denial of his motion to dismiss and motion to suppress the results of a Breathalyzer test. The Isabella Circuit Court, Paul H. Chamberlain, J., reversed the order denying suppression of the Breathalyzer test results and remanded the case to the district court to allow the defendant to withdraw his guilty plea. The reversal was based on a violation of an administrative rule regarding the administration of Breathalyzer tests that requires the operator of the test machine to observe the subject for fifteen consecutive minutes before administering the test. Here, the operator had continually observed the defendant for eighteen consecutive minutes before administering the test, except for six seconds when he walked away from the defendant to check the machine to determine if fifteen minutes had elapsed, and another officer was with the defendant during that six-second period. The prosecution appealed by leave granted.

The Court of Appeals *held*:

The district court properly held that the operator's momentary loss of view of the defendant during the observation period was not significant when viewed in the totality of the circumstances. The momentary time that the operator did not observe the defendant was so minimal that the test results cannot be assumed to be inaccurate and there is no allegation that the defendant placed anything in his mouth or regurgitated during that period. Furthermore, there is no showing that the test results were inaccurate. Thus, any violation of the administrative rule was harmless error and suppression of the results was not an appropriate remedy. The circuit court's order must be reversed and the defendant's convictions and sentences reinstated.

Order reversed; convictions and sentences reinstated.

1. ADMINISTRATIVE LAW — ADMINISTRATIVE RULES — JUDICIAL CONSTRUCTION.

The usual rules of statutory construction apply to administrative rules; administrative rules should be read in a manner to avoid absurd, illogical, or unreasonable results.

2. ADMINISTRATIVE LAW — ADMINISTRATIVE RULES — EVIDENCE.

The exclusion of evidence is not necessarily the appropriate remedy for every violation of an administrative rule.

3. ADMINISTRATIVE LAW — ADMINISTRATIVE RULES — BREATHALYZER TESTS — EVIDENCE.

The purpose of the administrative rule regarding the administration of Breathalyzer tests is to ensure the accuracy of the tests; suppression of the results of a test not alleged or shown to be inaccurate but conducted in technical violation of the administrative rule is not an appropriate remedy where the violation resulted in harmless error (1994 AACS, R 325.2655[1][e]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Larry J. Burdick*, Prosecuting Attorney, and *Robert A. Holmes, Jr.*, Senior Assistant Prosecuting Attorney, for the people.

*Michael E. Zwick*, for the defendant.

Before: HOEKSTRA, P.J., and JANSEN and GAGE, JJ.

JANSEN, J. The prosecution appeals by leave granted from a March 4, 1997, order suppressing results from a Breathalyzer test administered to defendant. We reverse the order of the circuit court and reinstate defendant's convictions and sentences.

This case arises out of a drunk driving incident that occurred on November 24, 1995. Officer Robert Hall of the Saginaw-Chippewa Tribal Police observed an automobile being driven in a manner that he believed constituted a traffic violation. Officer Hall stopped the automobile, which was being driven by defendant, and Officer Hall arrested defendant for suspected drunk driving. Officer Hall transported defendant to

the Isabella County jail to perform a Breathalyzer test. Following the results of the Breathalyzer test[1] and a search of the vehicle, defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor, MCL 257.625(1); MSA 9.2325(1), possession of marijuana, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d), and transporting or possessing alcoholic liquor in an open container in a vehicle, MCL 257.624a; MSA 9.2324(1).

On January 16, 1996, defendant filed a motion to dismiss and a motion to suppress in the district court. Defendant argued that the charges should be dismissed because the traffic violation stop was illegal pursuant to the Fourth Amendment, US Const, Am IV. In the alternative, defendant argued that the results of his Breathalyzer test should be suppressed because the officer performing the test failed to observe defendant for fifteen continuous minutes, as required by 1994 AACS, R 325.2655(1)(e). The district court, in an order dated January 25, 1996, denied defendant's motions, finding that the traffic stop was lawful and that the momentary loss of view by Officer Hall during the fifteen minutes before giving the Breathalyzer test was not significant when viewed in the totality of the circumstances and did not require suppression of the Breathalyzer test results.

On March 11, 1996, defendant tendered a conditional guilty plea to the charges of impaired driving and possession of marijuana, and preserved his two

---

[1] Neither the lower court record nor the briefs on appeal indicate the actual results of the Breathalyzer test. Therefore, we do not know defendant's blood alcohol level following his arrest. We assume that the blood alcohol level was at least 0.10 percent because defendant was charged under MCL 257.625(1); MSA 9.2325(1).

issues for appeal.[2] On March 20, 1996, defendant was sentenced to ninety days in the county jail for the conviction of impaired driving and four months' probation for the conviction of possession of marijuana. Defendant appealed to the circuit court. The circuit court affirmed the district court's decision that the traffic stop was lawful, but it reversed the district court's order denying suppression of the Breathalyzer test results. Specifically, the circuit court ruled that the administrative rule required the operator of the Breathalyzer machine to observe defendant for fifteen consecutive minutes before administering the test. Because the officer did not observe defendant for fifteen consecutive minutes, the rule was violated and the results of the Breathalyzer test had to be suppressed. The circuit court then ordered the case remanded to the district court to permit defendant to withdraw his guilty plea.

The parties stipulated to stay proceedings in an order dated March 24, 1997, and the prosecution sought leave to appeal in this Court on April 3, 1997. This Court granted the prosecution's application in an unpublished order dated October 28, 1997. On appeal, the prosecution raises one issue. It argues that the circuit court erred in ordering that the results of the Breathalyzer test had to be suppressed because of a violation of the administrative rule. We agree with the prosecution and reverse.

1994 AACS, R 325.2655(1)(e) provides:

A person may be administered a breath alcohol analysis on an evidential breath alcohol test instrument only after

---

[2] Defendant does not challenge the district court's and the circuit court's rulings that the traffic stop was lawful.

being observed for 15 minutes by the operator before collection of the breath sample, during which period the person shall not have smoked, regurgitated, or placed anything in his or her mouth, except for the mouthpiece associated with the performance of the test.

The usual rules of statutory construction apply to administrative rules. *People v Tomko*, 202 Mich App 673, 676; 509 NW2d 868 (1993). One such rule is that statutes should be read in a manner to avoid absurd, illogical, or unreasonable results. *People v Sheets*, 223 Mich App 651, 660; 567 NW2d 478 (1997); *People v Tipolt*, 198 Mich App 44, 47; 497 NW2d 198 (1993).

In this case, Officer Hall was responsible for giving defendant the Breathalyzer test. Therefore, pursuant to the administrative rule, defendant had to be observed by the operator for fifteen minutes before the test was administered in order to prevent defendant from smoking, regurgitating, or placing anything in his mouth except for the mouthpiece used in the test. At the hearing held on January 23, 1996, Officer Hall testified that he brought defendant to the booking room at the county jail. After reading defendant his chemical test rights, Officer Hall noted the time on the Breathalyzer machine as 5:05 A.M. From 5:05 A.M. until 5:23 A.M. (when the first breath sample was taken), Officer Hall continually observed defendant except for approximately six seconds when the officer walked away from defendant to check the machine again to determine if fifteen minutes had elapsed. Officer Hall testified that it took him approximately six seconds to check the time, and that this was the only time that defendant was not in his sight. Additionally, Corrections Officer Susan French was

with defendant when Officer Hall left to check the time.

Defendant contended below that the Breathalyzer test results had to be suppressed because Officer Hall did not continually observe defendant for a full fifteen minutes as required by the administrative rule when the officer momentarily left the room to check the time. The district court disagreed, finding that the officer's momentary loss of view of defendant during the observation period was not significant when viewed in the totality of the circumstances. The circuit court took a more restrictive view of the administrative rule and found that because there was a violation, that the officer did not continually observe defendant for the full fifteen minutes, the results of the Breathalyzer test had to be suppressed. We agree with the district court's view that the momentary time that the officer did not observe defendant was so minimal that the test results cannot be assumed to be inaccurate, and there was no allegation that defendant placed anything in his mouth or regurgitated. Under these circumstances, the circuit court erred in ruling that the violation of the administrative rule required suppression of the results of the Breathalyzer test.

In *People v Willis*, 180 Mich App 31, 35-36; 446 NW2d 562 (1989), this Court held that where the administrative rules regarding the administration of Breathalyzer tests have not been complied with, the accuracy of those results is sufficiently questionable so as to preclude the test results from being admitted into evidence. This Court further stated that the exclusion of evidence was not necessarily the appropriate remedy for every violation of an administrative

rule, but that suppression was the appropriate remedy there because the egregious deviations from the administrative rules involved led to questionable accuracy of the test results. *Id.*, pp 35-36.

We have recently noted, however, that there is no bright-line rule of automatic suppression of evidence where an administrative rule has been violated. *People v Rexford*, 228 Mich App 371; 579 NW2d 111 (1998). This Court has held on several occasions that the exclusion of evidence is not necessarily the appropriate remedy for every violation of an administrative rule. *Id.; People v Hurn*, 205 Mich App 618, 620; 518 NW2d 502 (1994); *Tipolt, supra*, p 46. The purpose of the administrative rules with respect to the administration of Breathalyzer tests is to ensure the accuracy of those tests, *Rexford, supra*, pp 377-378; *People v Boughner*, 209 Mich App 397, 398; 531 NW2d 746 (1995); *Tipolt, supra*, p 46. In this case, however, as noted by the district court, there is no showing or even an allegation that defendant placed anything in his mouth or regurgitated. Therefore, there is no showing that the Breathalyzer test was inaccurate (indeed, defendant does not even allege inaccuracy) and we believe that suppression of the Breathalyzer test results is not an appropriate remedy in this case because any violation of the administrative rule was harmless. See, e.g., *Rexford, supra*, p 378; *People v Jacobsen*, 448 Mich 639, 641-642; 532 NW2d 838 (1995).

This Court's decision in *Boughner, supra*, does not compel a different result. In *Boughner*, this Court vacated the defendant's guilty plea to a charge of unlawful blood alcohol level and remanded the case to the circuit court for further proceedings because

the same administrative rule at issue here was clearly violated in this case. In *Boughner*, a thirty-five-minute videotape of the defendant showed that the operator of the Breathalyzer machine observed the defendant for no more than eight minutes before the test was given, the operator did not observe the defendant continually even for the eight minutes, and throughout the thirty-five minutes before the test was administered the defendant's hand was either at his face or mouth and this Court was unable to determine if the defendant actually placed anything in his mouth. Under those circumstances, it could certainly be concluded that the administrative rule had been violated and that the accuracy of the test could be considered sufficiently questionable so as to preclude the test results from being admitted.

The present case is factually distinguishable from *Boughner.* Here, Officer Hall was continually observing defendant for eighteen consecutive minutes before the test was administered, except for the few seconds it took him to check the time on the machine to determine if the fifteen-minute period had elapsed. During those few seconds, Corrections Officer French was with defendant. Neither Officer Hall nor Officer French saw defendant place anything in his mouth or regurgitate anything during that eighteen-minute period, and defendant does not even allege that he ever placed anything in his mouth or regurgitated anything before taking the Breathalyzer test. Accordingly, there is no showing in this case that the results of the Breathalyzer test were inaccurate. The technical violation of Rule 325.2655(1)(e) was harmless error.

The circuit court's order suppressing the results of the Breathalyzer test is reversed and we reinstate defendant's convictions and sentences.